## HODGES & PUCKETT v. ASHURST & SONS.

1. Where a power of attorney was copied at length into the transcript of the record, authorizing the confession of a judgment, but was not, by order of Court, or otherwise, made a part of the record, it cannot be regarded as such on error.
2. It is competent for a Court, having jurisdiction of the subject matter, to receive the confession of a judgment, though no suit had been commenced.

Writ of error to the Circuit Court of Lawrence.

IN the transcript, a power of attorney, purporting to have been executed by the plaintiffs in error, on the 3d December, 1839, is set out at length. This power of attorney authorizes the attorneys therein named, or either of them, to confess a judgment for the plaintiffs, in favor of the defendants; but as it is not considered by the Court as a part of the record, it is deem-

ed unnecessary to recite it more particularly. No writ was issued, or declaration filed, in the Circuit Court, but the only proceeding there had, is in these words:

"Richard Ashurst & Sons, }
             vs.
Fleming Hodges, & Rickard Puckett. }

Came the plaintiffs by attorney, and produce in Court a power of attorney, made by the defendants under hand and seal, dated, 3d day of December, 1839, and witnessed by John M. Jackson, authorizing and requiring the said John M. Jackson, and Wiley Galloway, or either of them, to confess a judgment against the defendants aforesaid, in favor of the plaintiffs, for the sum of fifteen hundred and eleven, and twenty-eight one-hundredths dollars, together with the interest, making in all, seventeen hundred and two, and forty-eight one-hundredths dollars, and the signatures being proved to be genuine, and the aforesaid John M. Jackson, now in open Court, under said power of attorney, here confesses judgment as aforesaid. It is therefore considered by the Court, that the plaintiffs recover of the defendants, the sum so confessed, besides their costs expended. And the plaintiffs here consent to a stay of execution, until the 1st day of August, 1840."

This judgment was rendered at the March term of the Circuit Court of Lawrence, holden in the year, 1840.

ROBINSON, for the plaintiff in error.
HOPKINS, for the defendant.

COLLIER, C. J.—So many of the errors assigned, as refer to the power of attorney copied in the transcript, cannot be noticed. That paper is not necessarily a part of the record, and not being so made by order of the Circuit Court, we are not authorized to look to it, for any purpose.

In respect to the sufficiency of the judgment, it may be remarked, that it is competent for a Court, having jurisdiction of the subject matter, to receive the confession of a judgment, though no writ, or other proceedings, have been had in the case. (Coller v. Denson, Minor's Rep. 19.) So a judgment may be confessed by an attorney at law, and it will be regular,

though the entry does not shew that he produced a written authority from the defendant, authorizing it. (Hill v. Lambert & Brothers, Minor's Rep. 91. See also, Gayle & Foster, Minor's Rep. 125.)

In the case at bar, the judgment entry is very inartificial, and untechnical, yet we think it may be sustained. It recites a written authority to the attorney, to make the confession—the proof of that authority, and the sum for which the judgment was to be rendered. This seems to have been followed in the *cognovit*, and entry, which gives effect to it.

It would certainly be a safer practice, where a judgment is confessed under a letter of attorney, to set out the authority *in extenso*, that the regularity of the proceeding may appear from an inspection of the record, yet, as no rule of law requires this, we cannot say that the confession was unauthorized, where the judgment contains all the essentials, requisite to its validity.

The judgment then, being confessed by a person duly authorized, and for a sum certain and proper, operates as a release of errors; (Aikin's Dig. 266,) and is therefore affirmed.