Bissell & Carville v. Carville & Co.

| 6 | 503 |
| 137 | 626 |

## BISSELL & CARVILLE v. CARVILLE & CO.

1. The judgment entry recited the appearance of the defendants, by J. P. S., who confessed a judgment for them under a power of attorney, which was filed with the papers in the cause: *Held,* 1. That the defendants having appeared by attorney, could not object to the want or irregularity of the service of process. 2. That the mere production of the power of attorney did not make it part of the record, but that the recital of its contents was sufficient to support the

judgment. 3. That it was not a conclusion of law, that the power of attorney was not the act of both the defendants, because it was executed in the firm name. 4. That although the judgment would have been more technical if it had affirmed the power of attorney was duly proved, yet it might be intended that its execution was satisfactorily shown.

WRIT of error to the Circuit Court of Dallas.

This was an action of assumpsit at the suit of the defendants in error, against the plaintiffs, for the recovery of the sum of three hundred and eighty-seven dollars and ninety-three cents. The writ having been executed by an acknowledgment of service, the following judgment was rendered: "This day came plaintiffs, by their attorneys, and the defendants, by Joseph P. Snffold, to whom a power of attorney was executed, to confess a judgment in this case—which power of attorney is filed with the papers in the cause, confesses a judgment in favor of the plaintiffs, for the sum of three hundred and eighty-seven dollars and ninety-three cents. It is, therefore, considered by the court, that the plaintiffs recover of and against the defendants, the said sum of three hundred and eighty-seven dollars and ninety-three cents, so confessed as aforesaid, and the costs in this behalf expended, &c. A power of attorney is found in the transcript, purporting to have been made by the defendants below, corresponding with that described in the judgment, subscribed in their firm name, with a seal set opposite.

Evans, for the plaintiffs in error.
G. W. Gayle and J. P. Saffold, for the defendants.

COLLIER, C. J.—1. It is insisted, that as the defendants below were not served with process by the sheriff, but the only evidence of the service is, the appearance of their names subscribed thus, "Bissell & Carville," to an acknowledgment, it should have been shewn to the circuit court that the acknowledgment was genuine, and made by the authority of both; more especially as it appeared from the writ, that the partnership was at an end. It is clear that one partner cannot, after a dissolution of the partnership, accept the service of process in the name of the firm; and it is equally well settled, that where process has not been executed otherwise than by written acknowledgment in the name of the

defendant, its genuineness must be shewn by proof to authorize a judgment by default. But in the present case, the defendants appeared, and this was sufficient to cure, either the want of, or defective execution of the writ.

2. In Hodges & Puckett v. Ashurst & Son, [2 Ala. Rep. 301,] we held that the mere production of a power of attorney, and the confession of a judgment under its authority, did not make it a part of the record, and an appellate court could not regard it as such, though it was certified with the transcript. But if we were allowed to look into the letter of attorney in the present case, the judgment would not be affected by it; for it is in all respects, such as the judgment recites. So in the case cited, it was decided that it was indispensable to the regularity of a judgment confessed under a power from the defendant, that the authority should be set out *in extenso* upon the record, though it would always be proper to do so.

The execution of the letter of attorney, in the firm name, is no objection to the authority which it confers; for, from any thing appearing to the contrary, both the defendants may have been present, and if both did not actually execute it, yet they may have adopted it as their joint act.

The judgment would have been more technical, if it had specially recited the fact, that the execution of the power of attorney, was proved to the court; yet we think it clearly inferrable from the entry, that the court had sufficient proof to satisfy the mind upon this point. It is certainly the duty of this court, to sustain by all reasonable intendments, the acts of inferior tribunals, and this principle should not be disregarded in the case before us. It results from what has been said, that the judgment of the circuit court is affirmed.