# BROWN v. LITTLE.

1. A judgment by cofession, under a warrant of attorney, although it is unnecessary to set out the warrant, or its proof, on the record, must show the authority was verified, and sufficient to authorize the particular judgment. Under a power to L. and his executor to take a judgment, the executor is not entitled to enter it up, without proving the power and producing and proving the note to which the power applies, as well as his letters testamentary.

Writ of Error to the Circuit Court of Washington.

At the spring term of said court, for the year 1845, Sarah Little, as the executrix of George W. Little, filed a declaration in assumpsit, against Benjamin I. Brown, on a note, dated 7th October, 1843, payable to Geo. W. Little, on the 1st March, 1845, for one thousand dollars. No process appears in the transcript, nor was there any appearance by attorney. At the same term a judgment was entered in these terms: "This day came Sarah Little, executrix of the last will and testament of Geo. W. Little, deceased, and exhibited to the court here, the writing obligatory of the said Benj. I. Brown, authorizing the said Geo. W. Little, his attorney, executors, administrators, or assigns, to take a judgment by confesssion against the said Benjamin I. Brown, for the amount of a promissory note, in the said writing obligatory specified, and stating that the amount of the note is $1,008 88. It is therefore considered," &c. rendering judgment for that sum.

The rendition of this judgment is now assigned as error.

E. W. Peck, for the plaintiff in error, insisted—

1. That the record of a confession, or warrant, or power of attorney, ought to show when the warrant was made.

2. Conceding the existence of the warrant, the entry ought to show the plaintiff was executrix, otherwise there is no authority.

3. It does not appear the warrant of attorney was proved before the court.

4. The authority may not have been to confess judgment in the particular court.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—The practice in the English courts with relation to warrants of attorney, is somewhat different from that which prevails with us. There, writs of error upon judgments entered by warrant, are never heard of, but the courts control their abuse, and correct irregularities in the proceedings by motion. [2 Chitty's G. P. 333.] As a preliminary to allowing judgments of this nature to be entered up, the courts require, in general, the affidavit of the subscribing witness to the execution of the warrant; and also, an affidavit that the debt continues due. [3 Ib. 671.] With us, the mode is to apply directly to the court, to render the judgment, upon producing and proving to the court a warrant authorizing the particular judgment which is asked. In Hodges v. Ashurst, 2 Ala. Rep. 301, and Bissell v. Carville, 6 Ib. 503, questions arose as to the sufficiency of the judgment entries, and we held, it must appear from the recitals that the authority was verified to the court, and that it was sufficient to warrant the particular judgment given, although it is not essential to set out the warrant, or its verification, in terms in the entry. In the present case, it is said the writing obligatory was exhibited to the court, authorizing Little, his attorney, executors, administrators, or assigns, to take a judgment by confession, for the amount of a promissory note therein specified, but it does not appear that the warrant was proved, as well as exhibited, or that the note described in the war-

rant was produced or proved to the court. In addition to these defects, no evidence whatever was exhibited to the court, that the plaintiff was the executrix of Little. It is true, if the confession had been entered by an attorney, appearing for the defendant by virtue of this warrant, we might not be constrained to look beyond the appearance. [Hill v. Lambert, Minor, 91.] But the practice is otherwise, when the party undertakes himself to act under the power.

For these defects in the entry, the judgment must be reversed and remanded.