## LIGHTSEY *vs.* HARRIS.

20   409
112   214
20   409
123   418

1. A judgment rendered by a justice of the peace cannot be impeached, in a collateral proceeding, by proof that the warrant was not served on one of the defendants.

2. A judgment rendered by a justice of the peace, "for thirty-seven dollars and thirty cents, on note due 25th December, 1840, bearing interest from that date, and cost of suit," though informal, is not void for uncertainty. It is, in legal effect, a judgment for $37 30.

ERROR to the Circuit Court of Bibb.
Tried before the Hon. Geo. D. Shortridge.

This was an action of trespass by Harris against Lightsey,
26

"brought to recover damages of the defendant, for suing out a void execution, before one Anderson B. Davis, an acting justice of the peace in and for Perry county, and causing the same to be levied by one Leroy Davis, a constable in and for said county, on the cotton of plaintiff, and causing said cotton to be sold by said constable, under said void execution." The defendant pleaded "not guilty, and justification under legal process." It appears from the bill of exceptions, that a judgment was rendered by a justice of the peace, which on its face, purported to have been rendered on the 6th March, 1841, in favor of said Lightsey against said Harris and one Bagwell, "for thirty-seven dollars and thirty cents, on note due 25th December, 1840, bearing interest from that date, and costs of suit;" and on this judgment an execution was issued and levied on plaintiff's property. The court permitted the plaintiff to prove, against the objection of the defendant, that the warrant was not in fact served on him, but only on Bagwell. The court also ruled, on this evidence, that if there was no service of the warrant on the plaintiff, and no evidence that he appeared, the judgment was void as to him. There was a verdict for the plaintiff. The admission of the evidence, and the ruling of the court, are now assigned for error.

McILVAIN, for plaintiff in error.

A. B. MOORE, for defendant in error.

GOLDTHWAITE, J.—Upon the evidence as stated in the bill of exceptions, it does not appear whether the warrant was returned executed or not, but from the language used, we understand the admission of the evidence objected to, to go to the extent, that a judgment rendered by a justice of the peace may be impeached collaterally, by proof that service of the warrant was not made, without reference to its execution as indicated by the return of the constable; and we understand also the ruling of the court upon evidence of this character to assert the broad proposition, that if *in fact* the warrant was not executed, and there was no evidence that the defendant appeared, the proceedings are *coram non judice*, and the judgment void. If the ruling of the court below was correct, it follows necessarily, that whenever a judgment is rendered by a justice of the peace, the return of the officer as

to the service of the warrant can be impeached in a collateral proceeding, and that the party attempting to enforce the judgment would be guilty as a trespasser.

It was decided by this court in Crafts v. Dexter, 8 Ala. Rep. 767, that a defendant against whom a judgment has been rendered, may have relief in chancery, upon an allegation that he has a legal defence, and that the writ, although returned executed by the sheriff, had never been served upon him, and Ormond, J. in delivering the opinion of the court, says: "It is certainly the general ·rule, that the court gives credence to the acts of its own officers, and will not permit their truth to be disputed; otherwise the court would be impeded at every step in its progress, by the trial of collateral issues of fact;" and in Brown v. Turner, 11 Ala. Rep. 758, a plea that the writ was not served as returned by the sheriff was held bad, upon the principle of the former case. It is to be observed, that in the cases cited, the rule adopted is not founded on the character of the court, but upon principles applicable to all courts, whether of general or special jurisdiction, of record or not of record. These decisions are conclusive of the question presented in. this case. Under their influence, if the warrant against the plaintiff in error had been returned executed, he would not have been permitted on the trial before the magistrate to show the want of service, but would have been turned over to his remedy against the officer, or remitted to another tribunal. The ruling of the court would authorize him to do collaterally, that which he could not do in the direct proceeding against him.

It is, however, urged, that the record shows that the judgment under which the defendant in error justified, was void for uncertainty, and that such being the case, this court will not revise the reasons upon which the court below made the decision, the decision being correct in law. The judgment purports on its face to have been rendered in favor of the defendant in error for the use of another, against the plaintiff in errror and Bagwell, for thirty-seven dollars and thirty cents, on a note due the 25th.December, 1840, bearing interest from that date, and costs of suit. The judgment, .perhaps, is not as formal as it should be, but it is not uncertain. It is, in legal effect, a judgment for thirty-seven dollars and

thirty cents, the words "bearing interest from date," referring to the note, and not to the judgment.

The judgment is reversed, and the cause remanded.