ELLIOTT *vs.* HOLBROOK, CARTER & CO.

[ACTION ON JUDGMENT.]

1. *Validity of confessed judgment against partnership.*—A partner cannot, without special authority, confess a judgment against the partnership; yet, where the confessed judgment recites, that the defendants, "merchants and partners under the firm name of H., E. & E., came into open court by said H., one of said firm," and confessed the judgment, this is sufficient, when the judgment is collaterally assailed, to show that said H. had a special authority.

2. *Estoppel by judgment.*—When the recitals of a judgment against a partnership, confessed by one of the partners, show that he had special authority to do so, the other partners are estopped, in an action on the judgment, from denying the truth of the recital.

3. *When action lies on judgment.*—In this State, an action lies on a judgment after the expiration of one year from its rendition, although an execution may also be sued out upon it.

4. *Effect of demurrer to replication.*—Under the Code, (§ 2253,) a demurrer to a replication cannot be visited upon the plea.

5. *Release of partner.*—A release of one partner from a partnership liability is, *prima facie,* a release of all the partners.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by the appellees, suing as partners, against Gardner Elliott; was founded on two judgments, rendered by the circuit court of Greene, on the 18th October, 1848, against Hubbard, Eames & Elliott, of which firm the defendant was a partner; and was commenced on the 15th September, 1856. The judgments sued on were in the following form : "This day came the plaintiffs, and also came the defendants, Moses Hubbard, Edmund C. Eames, and Gardner Elliott, merchants and partners in trade under the name, style and firm of Hubbard, Eames & Elliott, by Moses Hubbard, one of said firm, and acknowledge themselves to owe and be indebted to the said plaintiffs to the amount of $2,032 62," (in one case, and $7,615 19 in the other,) "and confess judgment therefor. It is therefore considered by the court, that the said Holbrook, Carter & Co. recover of and from the said Hubbard, Eames & Elliott the said sum," &c.

At the fall term, 1856, the defendant pleaded *nul tiel record* and payment, and issue was joined on those pleas; and at the next ensuing term, by leave of the court, the following additional pleas were interposed:

" 1. *Actio non*, because he says, that said judgments, in said complaint mentioned, rendered in said court on the 18th October, 1848, in favor of said plaintiffs, and against said firm of Hubbard, Eames & Elliott, were in fact so rendered and obtained by and through the voluntary confessions thereof by Moses Hubbard, a member and partner of said firm; and so said defendant in fact says and avers, that said judgments are not binding on him, and are null and void as to him; all of which he is ready to prove by an inspection of the records of said judgments," &c.

" 2. *Actio non*, because he says, that said judgments, in said complaint mentioned, were in fact rendered and obtained by the voluntary appearance and confession of said judgments made by Moses Hubbard, a member and partner of said firm of Hubbard, Eames & Elliott, which appears, as he is ready to prove, by the records of said judgments remaining in said circuit court; and so said defendant says and avers, that said judgments are null and void as to him."

" 3. *Actio non*, because he says, that said judgments were rendered and obtained, by and in favor of said plaintiffs, and against said firm of Hubbard, Eames & Elliott, by a voluntary confession thereof·by Moses Hubbard, a member and partner of said firm of Hubbard, Eames & Elliott, when neither the said firm nor this defendant had been served with any legal process to bring them into or before said court, as appears from the records of said judgments remaining in said circuit court; and so said defendant says, that said judgments are not binding, and have no legal validity as to him."

" 4. And for further answer defendant says, that said judgments were rendered in favor of said plaintiffs, against said firm of Hubbard, Eames & Elliott, by the voluntary confession thereof alone made by Moses Hubbard, a member and partner of said firm of Hubbard, Eames & Elliott,

when neither said firm nor this defendant had been served with any writ or legal process, and had not entered any appearance, or appeared in said court."

" 5. And for further answer defendant says, that both of said judgments were rendered in favor of said plaintiffs, against said firm of Hubbard, Eames & Elliott, on the 18th October, 1848, by the voluntary appearance and confession of said judgments, and without any service of process upon the defendants or either of them, made by Moses Hubbard, a member and partner of said firm; that since the rendition and confession of said judgments, and before the bringing this suit, to-wit, on the 25th March, 1856, the said plaintiff, for and in consideration of a large sum of money, to-wit, the sum of $6,000, to them paid and secured to be paid by the said Moses Hubbard, by a certain deed of release, or instrument in writing, made, signed, sealed and delivered by them, released and discharged said Hubbard from any and all liability to them on account of said judgments, and any and all other claims held by them against said firm of Hubbard, Eames & Elliott; and so said defendant in fact says, that said judgments are fully satisfied and discharged, and that no action can be thereon had or maintained against him; all of which he is ready to verify."

The plaintiffs demurred to the first, second, third and fourth pleas, and filed a special replication to the fifth. The causes of demurrer assigned were, " 1st, that neither of said pleas alleges that said Moses Hubbard was not authorized by said defendant to confess said judgments; 2d, that neither of said pleas alleges that said defendant did not assent to the confession of said judgments by said Moses Hubbard; and, 3d, that neither of said pleas presents any sufficient defense to plaintiffs' said action." The replication was as follows: " *Precludi non*, because they say, that the said defendant and said Eames appeared in said circuit court, and confessed said judgments, by said Moses Hubbard; that though true it is that plaintiffs, before the commencement of this suit, released said Moses Hubbard from liability on said judgments, as alleged in said plea; yet, in the deed of release mentioned in said

plea, and by which plaintiffs released said Moses Hubbard from liability on said judgments, plaintiffs expressly reserved the right to proceed against said defendant and said Eames, and to collect from them, or either of them, the balance due upon said judgments; that said Moses Hubbard accepted said release with said reservation and stipulation; and that said release, containing said reservation and stipulation, is the only release ever given by them to said Hubbard."

To this replication the defendant demurred, on the following grounds : "1st, that said replication does not allege that said Hubbard was authorized by the defendant to appear in said court and confess said judgments; 2d, that it does not allege that defendant ever assented to the appearance and confession of said judgments by said Hubbard; 3d, that it does not allege or state how or in what way said defendant appeared in said circuit court by said Hubbard when said judgments were so confessed by him against said firm; 4th, that it does not allege or state that the records of said judgments show that the defendant and said Eames, or either of them, were present or appeared in said court, either in person or by attorney, when said judgments were confessed ; and, 5th, that it does not present any legal or sufficient reply to defendant's said fifth plea."

On the argument of these several demurrers, the court sustained the plaintiffs' demurrer to the first and second pleas, overruled their demurrer to the third and fourth pleas, and visited the defendant's demurrer to the replication to the fifth plea on that plea.   The plaintiffs then replied to the third and fourth pleas as follows:

"1.  *Precludi non*, because they say, that said defendant, before said judgments were confessed by said Moses Hubbard, authorized and empowered said Hubbard to appear in said court, and for him, and in his name, as one of the members of said firm of Hubbard, Eames & Elliott, to confess said judgments in favor of said plaintiffs, and against said defendant as one of the members of said firm; that said Hubbard, in pursuance of said authority, did appear in said court on said 18th October, 1848, and con-

fess the two judgments aforesaid; and so said plaintiffs say, that said defendant is bound thereby," &c.

"2. *Precludi non*, because they say, that said defendant, after the said two judgments had been confessed by said Moses Hubbard, and had been entered up of record in said court, and after said defendant was notified and fully informed thereof, acquiesced therein, and ratified the act of said Hubbard in that behalf; and so said plaintiffs say, that said defendant is bound thereby," &c.

To each of these replications the defendant demurred, and assigned the following grounds of demurrer: to the first replication, because, "1st, it does not allege or state how, in what way, or when said defendant authorized said Hubbard to confess said judgments; 2d, it does not allege that said defendant authorized said Hubbard to confess said judgments by any writing, or any instrument under his hand and seal; and, 3d, it is not a good or sufficient answer in law to said pleas;" and to the second replication, because, "1st, it does not state how, to whom or when defendant acquiesced in and ratified said confession of judgment made by said Moses Hubbard; 2d, it does not allege that defendant acquiesced in or ratified said judgments, either to the said plaintiffs, or to any agent or attorney for them; 3d, it does not allege that defendant acquiesced in or ratified the said confession of judgments, by any writing, deed, or other instrument; and, 4th, it is not a sufficient answer in law to said pleas." The court overruled the demurrers, and issue was then joined on the replications.

The errors now assigned are, the sustaining of the demurrers to the first and second pleas, the visiting of the demurrer to the replication to the fifth plea on that plea, the overruling of the demurrers to the replications to the third and fourth pleas, and several rulings of the court to which exceptions were reserved on the trial before the jury.

WM. P. WEBB, for the appellant.—1. The court erred in sustaining the demurrers to the first and second pleas, because the facts averred in those pleas showed that the

judgments, as to the defendant in this action, were null and void.—McBride v. Hagan, 1 Wendell, 336, and cases cited; Townes v. Springer, 9 Geo. 130; Freeman v. Carhart, 17 Georgia, 348; Mills v. Dickson, 6 Rich. 487; Doe v. Tupper, 4 Sm. & Mar. 261; Green v. Beals, 2 Caines, 254; American Leading Cases, vol. 1, pp. 448–9.

2. The court erred in visiting the demurrer to the replication to the fifth plea on that plea. If the facts alleged in that plea were true, the release of Hubbard discharged and satisfied the judgments entirely, and they could not be made the basis of an action against the defendant. Authorities above cited; also, 3 N. H. 318.

3. The replications to the third and fourth pleas were both bad, for the several reasons specified in the demurrers thereto.—Authorities above cited; also, 9 Johns. 285; 24 Miss. 393. The replications were bad for the further reason, that they averred only legal conclusions, instead of facts.—Gould's Pleadings, 152. If the defendant did in fact authorize the confession of the judgments by Hubbard, then the plaintiffs were not entitled to recover a second judgment: their remedy was a *scire facias*.—Code, §§ 2418–19.

TURNER REAVIS, and S. F. HALE, *contra.*—1. Conceding that one partner cannot, without the assent of his copartner, confess a valid judgment against the partnership; yet the rule only applies where the want of consent is affirmatively shown. Whatever one partner does, in the name of the firm, is presumed to be authorized by all; and this presumption must be rebutted by the partner repudiating the act. Consequently, the judgments confessed by Hubbard are, *prima facie*, valid and binding on the firm. Moreover, even if the judgments were confessed without the authority or consent of the defendant, they were only voidable at his election; and his subsequent ratification of, and acquiescence in the confession, rendered them valid and binding on him.—Bizzell v. Carville, 6 Ala. 503; McBride v. Hagan, 1 Wendell, 336; Green v. Beals, 2 Caines, 254; St. John v. Holmes, 20 Wendell, 609; Miller v. Hines, 15 Geo. 197; Grier v. Hood,

25 Penn. St. R. 430; Gansevort v. Williams, 14 Wendell, 133; Grady v. Robinson, 28 Ala. 289; Herbert v. Hanrick, 16 Ala. 581. It must be presumed, in order to sustain the judgments, that Hubbard had authority from his co-partners to confess them.—Hodges v. Ashurst, 2 Ala. 301; Bizzell v. Carville, 6 Ala. 503.

2. It is well settled, that an action lies on a judgment, although an execution might legally issue upon it. 18 Ala. 519.

A. J. WALKER, C. J.—The two confessed judgments given in evidence were, in a court of law, when collaterally assailed, valid and binding upon the defendant. It is true, one partner cannot, by virtue of any authority incident to the partnership relation, bind his co-partners by a confession of judgment.—Collier on Part. § 469, note 6; Doe v. Tupper, 4 S. & M. 261; Crane v. French, 1 Wend. 311; McBride v. Hagan, 1 Wend. 326; Harper v. Fox, 7 Watts & S. 142; Bitzer v. Shunk, 1 Watts & S. 340; Witherell v. Holmes, 20 Wendell, 609; Gerard v. Basse, 1 Dall. 119; Grier v. Hood, 25 Penn. St. R. (1 Casey,) 430; Motteux v. St. Aubin, 2 Blacks. 1133; Green & McSher v. Beals, 2 Caines' R. 254; Otis, Mills & Co. v. Dickson, 6 Rich. Law, 487. But one partner may be clothed by his co-partners with a special authority, by virtue of which he may confess a judgment against them.

In determining the jurisdiction of the collaterally assailed judgments of the circuit court, through an interpretation of their language, we must rather incline in favor of, than against the validity of the judgments. King v. Kent, 29 Ala. 542; 2 Smith's Leading Cases, (5th Am. ed.) 842. The language of the judgments, though somewhat ambiguous, examined under the guidance of the principle just announced, is found to assert, that the partner who actually made the confessions of judgment had a competent authority from his co-partners. The record says, that the three defendants, partners, &c., "*came* into open court, by Moses Hubbard, one of the firm, and acknowledged themselves to owe and be indebted," &c. The partners could not *come* into court,

43

without either a personal appearance, or through the authorized representation of another. It was a legal impossibility for Hubbard's two partners to come into open court by him, unless he had authority to act for them. If it be said that A. B. has executed a promissory note by C. D., the truth is not asserted, unless C. D. had authority to act for A. B. One man cannot be said to perform an act by another, who has no agency or authority from him. The co-partners of Hubbard could not with truth be said to come into open court by him, and confess judgment, unless he had legal authority to represent them. The court, therefore, in saying that the partners came by Hubbard, asserts that Hubbard had a competent authority. The presumption is, that the circuit court knew the law, and was circumspect in its conduct, and neither rendered its judgment through a misapprehension of what · constituted a sufficient authority, nor through an inadvertence.—Hill v. Lambert, Minor, 91; Bissell & Carville v. Carville, 6 Ala. 503; Hodges & Puckett v. Ashurst, 2 Ala. 301.

The case of Brown v. Little, 9 Alabama, does not militate against the conclusion attained by us. That case not only differs from this in its facts, and in its recitals; but the proceeding was on error, for the reversal of the judgment.

[2.] The judgments being understood as averring that the partner who appeared in person had a competent authority from the other two partners, the defendants in the judgment are estopped, in a court of law, from denying the verity of the record in that particular.—Brown v. Turner, 11 Ala. 75; Crafts v. Dexter, 8 Ala. 767; Lightsey v. Harris, 20 Ala. 409; Deslonde & James v. Darrington, 29 Ala. 92; 1 Smith's Leading Cases, 841–842. The question, whether the confessed judgments would be reversed on error, does not belong to this case, and we intend by what we have said to intimate no opinion on the subject.

[3.] That the plaintiff had a right, after the expiration of the year from the rendition of the judgments, to sue

upon them, is settled by the decision of this court in Kingsland & Co. v. Forrest, 18 Ala. 519.

The first, and second, and third pleas, demurrers to which were sustained, were bad, because they omitted to aver Hubbard's want of authority to confess judgment for his co-partners. All that those pleas contain may be true, and notwithstanding the court may have had jurisdiction of the defendant's person. Under this decision, these pleas would be bad, even though they averred Hubbard's want of authority; for it is not allowable, in this case, to dispute the verity of the record.

[4.] We have heretofore decided, that no visitation of demurrers upon antecedent pleadings can be had in this State since the adoption of the Code.—Henley v. Bush, at present term. The court erred, therefore, in visiting the defendant's demurrer to the plaintiff's replication upon the 5th plea.

[5.] A release of one partner, from a partnership debt, is, *prima facie*, a release of all the partners.—Collyer on Part. 555, 556, 557, 558, §§ 606, 607, 608. The 5th plea will certainly, upon that principle, aver a good defense, if it be so amended as to show distinctly that the plaintiffs' demand is a partnership liability. Whether the plea, as it now stands, does aver that fact, is a question which we need not decide, as the cause must be remanded for the error already pointed out, and the amendment can be made so as to avoid the question entirely.

The authorities above cited, in reference to the sufficiency of the 5th plea, show that the replication is good, so far as the release is concerned. The plaintiffs' first replication to the 3d and 4th pleas, averring the authority of Hubbard to confess the judgments against the defendant, was certainly sufficient. Whether the second replication was good, it is unnecessary to inquire; because, under this opinion, the question of ratification will not be likely to arise. For the same reason, it is unnecessary for us to examine the question of the competency of the witness, or the admissibility of the parol evidence.

The judgment of the court below is reversed, and the cause remanded.