# Hearn *et al. v.* The State.

### *Appeal from Order refusing Supersedeas.*

1. *Confession of judgment for fine; effect of.*—Parties voluntarily confessing judgment with the defendant, for the amount of the fine imposed, on his plea of guilty to a criminal charge, can not raise any question as to the power of the court to impose a fine on conviction of such an offense; the confession is a release of error, and by the confession of judgment for money, the case assumes the form and qualities of a civil suit.

2. *Waiver of exemptions; presumptions as to execution of.*—On appeal from the judgment of a court of general jurisdiction, all presumptions in favor of its right action will be indulged, which are not repelled by the record; hence, where the judgment entry recites that the parties "waived all right of exemption as to personal property under the constitution and statute laws of the State," it will be presumed, on appeal, that there was a properly executed instrument in writing expressing such waiver.

3. *Same; what necessary to show.*—Whether there must be an actual instrument in writing expressing such waiver, or whether or not the recital of such waiver in the minute entry of the confession of judgment, must not be treated as a contract of waiver, by matter of record, is not decided.

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

The appellant, Van McDowell, was indicted at the Fall term, 1878, of the Circuit Court of Chambers county, for removing mortgaged property, of the value of sixty dollars. The judgment on his trial recites, that "the defendant came in his own proper person and by attorney and pleads guilty as charged in the indictment, and by consent of the solicitor and of the defendant, and of the parties confessing judgment with him, the judgment will be a fine of one hundred dollars. It is therefore considered that the State of Alabama, for the use of Chambers county, recover of the said Van McDowell, C. C. Hearn and H. P. Fisher (who confessed judgment with him), the said sum of one hundred dollars, the fine heretofore assessed, and the costs in this behalf expended, for which execution may issue. And the said Van McDowell, C. C.

Hearn and H. P. Fisher, having waived all right of exemption as to personal property under the constitution and statute laws of the State of Alabama, it is further ordered, adjudged and decreed that the clerk of this court endorse the fact of said waiver on any execution which may issue on this judgment for the collection of the same."

Execution was issued on this judgment against all the appellants and was in the hands of the sheriff for collection. The clerk made the following endorsement on the execution: "All legal exemption rights are waived in the judgment upon which this execution issues as to personal property." The appellants petitioned the circuit judge in vacation for a writ of supersedeas, upon the ground that "said endorsement is illegal, unauthorized, and there was no legal authority on which to base it, and that they nor either of them having made a waiver of their personal property for the payment of such judgment, that said endorsement is illegal, void, and without authority." The circuit judge made an order granting the petition upon bond being given, which was done; and the execution was returned into Chambers Circuit Court.

At the next term of Chambers Circuit Court the appellants moved the court to set aside the judgment for the fine and costs, "because said plea only authorized punishment in the penitentiary as a felony, and the court ordered, by consent, a fine of one hundred dollars, the court having no authority to order any such penalty as a fine on that plea, under the indictment. 2. To quash the execution issued on said judgment, so far as the waiver of exemption on said execution or claim is endorsed by the clerk on the said execution; the said waiver not being in conformity to the law and not binding on them." The court overruled the motion, vacated the supersedeas which had been granted, and ordered "that execution issue on the original judgment, according to the terms of said judgment." From this judgment the defendants appeal to this court.

W. H. BARNES, for appellants.

HENRY C. TOMPKINS, Attorney-General, contra.

STONE, J.—"A confession of judgment is in law a release of errors."—Code of 1876, § 3945; Revised Code, § 3504; 2 Brick. Dig. 138–9, §§ 116, 117, 118, 123. In the present case a judgment was voluntarily confessed for money, and the case is thus made to assume the form and quality of a civil suit. It does not avail, to avoid a confessed judgment, that there are no pleadings or process, or that the same are

irregular. The confession heals all these errors. *Consensus tollet errorem.* Hence we need not and do not inquire whether the Circuit Court, after the plea of guilty in this cause, was authorized to impose a money fine and take confession of judgment. The appellants can not raise the question.

It is recited in the judgment entry, that "the said Van McDowell, C. C. Hearn and H. P. Fisher having waived all right of exemption as to personal property under the constitution and statute laws of the State of Alabama," it was thereupon "further ordered that the clerk of this court endorse the fact of said waiver on any execution which may issue on said judgment for the collection of the same." The appellants here contend that this is not a waiver of exemptions under the constitution and statute, because it is not made by an "instrument in writing."—Constitution of 1875, Art. 10, Sec. 7; Code of 1876, sections 2846 to 2850 inclusive. The question, how far the recitals in judgments by confession bind the parties, has been several times before this court. Intendments in favor of such judgments have always been liberally indulged. In fact, the rule universally observed in this court, in reviewing judgments of courts of general jurisdiction, is, to presume every thing was rightly done in the inferior court, unless the record shows the contrary. In the case of *Bissell v. Camille*, 6 Ala. 503, the suit was commenced by original writ. The evidence of service was an acknowledgment, bearing the partnership signature, Bissell & Camille. The judgment entry was in the following language : " This day came plaintiffs by their attorneys, and the defendants by Joseph P. Saffold, to whom a power of attorney was executed to confess a judgment in this case—which power of attorney is filed with the papers in this cause—confesses a judgment in favor of the plaintiffs," &c. A power of attorney was found in the transcript, purporting to have been executed by the defendants, corresponding with that described in the judgment, subscribed in their firm name, with a seal set opposite. It was objected that it did not appear that the parties were properly before the court. It was conceded that the acknowledgment, without proof of its execution, did not bring the parties into court. This court added, "But in the present case the defendants appeared, and this was sufficient to cure either the want of or defective execution of the writ. * * The execution of the letter of attorney in the firm name, is no objection to the authority which it confers ; for, from any thing appearing to the contrary, both the defendants may have been present, and if both did not actually execute it, yet they may have adopted it as their joint act. The judgment would have been more

[Saller Lewin & Co.  v. The Insurance Company of North America.]

technical, if it had specially recited the fact, that the execution of the power of attorney was proved to the court.  Yet we think it clearly inferable from the entry that the court had sufficient proof to satisfy the mind on this point.  It is certainly the duty of this court to sustain, by all reasonable intendments, the acts of inferior tribunals, and this principle should not be disregarded in the case before us."  In the case from which we have quoted, there was no proof recited of the execution of the acknowledgment of service, nor of the execution of the power of attorney to confess judgment. All the recitals on that subject are shown above.  Yet this court held the judgment valid against both defendants.  Sustaining these views are the following cases :  *Caller v. Densen*, Min. 19 ;  *McConnell v. White*, Ib. 112 ;  *Hodges v. Ashurst*, 2 Ala. 301 ;  *Elliott v. Holbrook*, 33 Ala. 659 ;  *Brown v. Little*, 9 Ala. 416.

We do not, in this case, decide whether it is essential to the waiver of exemption of personal property, that there shall be an actual "instrument in writing."  Possibly we would hold, if necessary to the decision, that, like a recognizance, the recital in the judgment entry must be treated as a contract by matter of record.  But, following the authorities cited above, we presume every thing in favor of the correct ruling of the primary court, which the record does not disprove ; and hence, we presume there was executed an instrument in writing, expressing the waiver, if such instrument be necessary.  The present record does not inform us whether or not there was such written instrument signed.

Judgment affirmed.