71  543.<br>117  368.

# The State of Alabama for the use of Montgomery County *v.* Allen.

### *Contest of Claim of Exemption.*

1. *Homestead exemption; may be claimed by surety in confessed judgment for fine and costs on conviction for a misdemeanor.*—A surety in a judgment confessed under the statute for the fine and costs in a prosecution for a misdemeanor, is entitled to a homestead exemption as against an execution issued on such judgment.

2. *Confession of judgment for fine and costs in case of misdemeanor; a civil liability.*—A confession of judgment by sureties for a defendant in a prosecution for a misdemeanor is a civil proceeding in the name of the State for the use of the county in which the crime was committed and prosecuted, and imports a civil liability—a mere promise to pay money, evidenced by the judgment thus confessed.

3. *Exemption of State from operation of general statute.*—Exemption from the operation of general statutes is a State prerogative, and does not extend to counties.

APPEAL from City Court of Montgomery.
Tried before Hon. THOMAS M. ARRINGTON.
The facts are sufficiently stated in the opinion.

H. C. TOMPKINS, for appellant.—(1) The judgment upon which the execution was issued was confessed under § 4454 of Code of 1876. It is founded upon the fine and costs assessed against the defendant; and the effect of the action taken by the sureties is, that they simply come in and make themselves parties defendant to the proceedings against the principal for the recovery of the fine and costs. Such a judgment is not, strictly speaking, a contract; it is rather a proceeding of the court used for the purpose of enforcing the payment of a judgment rendered in a criminal case. It is, in no sense, a civil proceeding, but is criminal in its nature. See *Com. v. Cobbett*, 2 Yates, 352; *Com. v. Com'rs*, 8 Serg. & R. 151. (2) Upon that theory

[The State of Alabama for the use of Montgomery Co. v. Allen.]

it has been held in Pennsylvania by *nisi prius* courts of high standing that no exemption could be claimed against a judgment obtained upon a forfeited recognizance. The direct question has not been before the Supreme Court of that State, though, from the principles announced in the cases cited *supra*, that court would undoubtedly sustain that view.—*Com. v. Dougherty*, 8 Phil. R. 366; *Com. v. Whiteside*, 1 L. Bar, Sept. 25, 1869. There are decisions which hold that an exemption may be claimed against such judgment, but they rest on the ground that a party is entitled to exemptions, even against a judgment for fine and costs, which is not the law in this State. The rule in this State is, that the right of exemptions depends, not upon the judgment, but upon the original cause of action. (3) This was a judgment in favor of the State. Upon this point the decisions may be conflicting, but an adherence to long established rules forces that conclusion. (4) The State is not included in any statute, unless expressly named therein.—*Lott v. Brewer*, 64 Ala. 287; *U. S. v. Hewes*, Crabbe, 307; *U. S. v. Hoar*, 2 Mas. 311; 4 Cow. 143; 1 Watts, 54; 8 Bush, 220; 54 Ga. 36; 29 Gratt. 683; *Ib.* 716.

Jno. Gindrat Winter, *contra.*—(1) The judgment was founded on a contract—it is true, for the payment of a fine; but the surety was, in no sense, thereby connected with the crime. This case is analogous to the case of a surety on a promissory note given by the principal, in compromise of a claim for damages, growing out of a tort. See 51 Mo. 133. (2) The judgment is not in favor of the State; it is for the use of Montgomery county; and hence, the county and not the State is the party really interested.—Code of 1876, §§ 4458, 2891. (3) It is true, as a general proposition, that general words in a statute, declaring or affecting rights or interests, do not include the State; but it has been repeatedly held that exemption laws are not within this rule.—*Hearn v. State*, 62 Ala. 218; *State v. Williford*, 36 Ark. 155; *Com. v. Lay*, 12 Bush (Ky.), 286.

STONE, J.—Robert Coles was convicted of carrying a deadly weapon concealed about his person, and a fine of fifty dollars was assessed against him. Thereupon he, together with John Allen and another as sureties, confessed judgment for the amount of the fine, and the costs of the prosecution, under § 4454 of the Code of 1876. An execution, issued on said confessed judgment, was levied by the sheriff on the homestead of said John Allen, and a claim of exemption was interposed under the statute. The homestead was and is in value much less than two thousand dollars, and in extent much less than one hundred and sixty acres. The property was adjudged not to be

[Alabama Great Southern Railroad Co. v. McAlpine & Co.]

subject to levy and sale under the execution, and that is the sole question for our consideration.

It is contended for appellant that the exemption claimed does not apply to such a case as this; that the statute only exempts such property from levy and sale under process for the collection of debts contracted, and that this is not the case of a debt contracted.—Code, § 2820. In *Bowden v. Williams*, 69 Ala. 433, we held that the statute did not exempt property from liability for torts or penalties, The argument here is, that the sum sought to be collected is a fine for a misdemeanor, and the confessed judgment and execution thereon are only methods of collecting that fine. This may be true of the liability of the principal in the confessed judgment. With the sureties it is different. There is no public offense, tort, or wrong imputed to them. In becoming Coles' sureties, they in no sense became participants in the public wrong of which he was convicted. This was a civil liability—a mere promise to pay money, evidenced by the judgment they confessed. It was a civil proceeding, with all the attributes of a civil proceeding. If it were not so, the State could not prosecute this appeal. *Hearn v. The State*, 62 Ala. 218; *Hatch v. The State*, 40 Ala. 718; 2 Brick Dig. 419; *State v. Pitts*, 51 Mo. 133; Thomp. on Homestead, 386. There is nothing in this objection.

It is objected in the next place, that this is a claim by the State, and inasmuch as the statute does not expressly declare any exemptions against obligations to the State, none can be granted. We need not decide this question. The proceeding, although in the name of the State, is for Montgomery county. The fine money does not go to the State, but to the county. In fact, these proceedings are prosecuted in the name of the State of Alabama for the use of Montgomery county. Exemption from the operation of general statutes is a State prerogative. It does not extend to the counties.—Code of 1876, § 4458; *Miller v. The State*, 38 Ala. 600; *State v. Connor*, 69 Ala. 212.

Affirmed.