# Giddens *v.* Crenshaw County.

*Bill in Equity for Injunction of Judgment by Confession.*

1. *Power of attorney to confess judgment as surety for fine and costs.*—A writing, addressed to the sheriff, in these words: "I propose to go on J. M.'s security for costs and fine, in case he is convicted, jointly with B. R.,"—is not, *it seems,* sufficiently definite and specific as a power of attorney to authorize a judgment by confession against the writer, jointly with B. R., for the fine and costs imposed on J. M.

2. *Estoppel against assailing judgment by confession.*—When a judgment by confession in a criminal case is improperly entered against a surety, on a power of attorney substantially defective, and an execution issued thereon is levied on his property, if he then obtains a postponement of the sale, by promising to pay a part of the judgment within thirty days, and the residue by another day, he thereby estops himself from afterwards assailing the validity of the judgment on account of the defective power of attorney. ·

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 14th June, 1882, by James T. Giddens, against the county of Crenshaw and the sheriff of said county; and sought an injunction against a judgment which had been rendered by the Circuit Court of said county, on the 17th March, 1882, against said Giddens and one B. R. Ingram, as sureties for one Joseph Mastin, for the fine and costs imposed on him in a criminal prosecution. The judgment was in regular form, and purported to be rendered by confession in open court; but the complainant alleged that he was not present in court, and that the judgment against him was rendered without authority. The answer of Crenshaw county alleged that the judgment was confessed under authority of a "written order, or instructions of complainant to the sheriff of said county," which was made an exhibit to the answer, and which is copied in the opinion of the court. On final hearing, on pleading and proof, the chancellor dismissed the bill, but without giving any reasons for the decree; and his decree is now assigned as error.

R. M. WILLIAMSON, for the appellant.—The judgment is regular on its face, and does not set out the facts which show its invalidity. If those facts had been stated in the judgment, the error could be remedied.—*Hodges v. Ashurst,* 2 Ala. 301; *Bissell v. Carville,* 6 Ala. 503; *Elliott v. Holbrook,* 33 Ala. 659.

[Giddens v. Crenshaw County.]

The paper writing, relied on as a power of attorney, is void for indefiniteness and uncertainty; and it was subject to revocation at any time. The conversation between the complainant and the sheriff, as testified to by the latter, is outside of any issue presented by the pleadings, and not responsive to any interrogatory propounded to him.

CLOPTON, HERBERT & CHAMBERS, contra.

STONE, J.—It may admit of question if the paper, relied on as a power of attorney in this cause, is sufficiently explicit to uphold the confessed judgment, which this bill seeks to vacate. It is addressed, not to the person who confessed the judgment, but to Cook, the sheriff. Its whole contents are, "I propose to go on Joseph Mastin's security for costs and fine, in case he is convicted, jointly with B. R. Ingram. March 16th, 1882;" signed, "Jas. T. Giddens." On the next day—March 17th, 1882—defendant, Joseph Mastin, was tried and convicted, and judgment for fine and costs was entered as confessed, against Joseph Mastin, together with J. T. Giddens and B. R. Ingram. The present bill is filed by Giddens alone, who seeks to be relieved of the judgment, for defect of authority to confess it. As we have said, it is doubtful if the authority is sufficiently specific.—Hill v. Lambert, Min. 91; Hodges v. Ashurst, 2 Ala. 301; Bissell v. Carville, 6 Ala. 503; Brown v. Little, 9 Ala. 416; Elliott v. Holbrook, 33 Ala. 659; M. & M. Bank v. St. John, 5 Hill, N. Y. 497; same v. Boyd, 3 Denio, 257; Freem. on Judg. §§ 543 et seq.

We think, however, that the complainant must be held to have ratified the act, and to have estopped himself from setting up its invalidity. After the judgment had been rendered, after execution thereon had been levied on his property, and on the very day on which it was advertised to be sold, the complainant obtained a postponement of the sale, on his promise to pay part of the confessed judgment within thirty days, and the residue in September, 1882. This is shown by the uncontroverted testimony of the sheriff. The complainant offered no testimony, other than the writings. Under this promise, he obtained a substantial benefit. Parties invoking the powers of the Chancery Court must come in with clean hands, and show themselves equitably entitled to the relief they pray. The chancellor did not err in his final decree.—Ryan v. Doyle, 31 Iowa, 53; Freem. on Judg. § 120.

The decree of the chancellor is affirmed.