# Kemp *v.* Lyon.

*Petition for Writ of Assistance, by Purchaser at Register's Sale.*

1. *Amendment of decree nunc pro tunc.*—A decree in chancery can not be amended, *nunc pro tunc,* at a subsequent term, except upon evidence which is matter of record, or *quasi-*record.

2. *Conclusiveness of recitals in decree.*—Recitals in a decree, as to matters admitted, or done by consent, are conclusive in this court, being considered as facts judicially ascertained.

3. *Confirmation of sale, and execution of deed to purchaser; burden of proof as to compliance with terms of sale.*—When lands have been sold under a decree, the plaintiff (or complainant) becoming the purchaser, the sale confirmed by the court, and the register ordered to execute a conveyance to the purchaser, on his entering a credit on the decree for the amount of the purchase-money; the execution of a deed to the purchaser by the register, being presumed to have been rightfully done, casts on the defendants, resisting an application for a writ of assistance, the *onus* of proving that the credit was not entered as ordered.

4. *Writ of assistance to purchaser.*—The customary and better practice, possibly, requires that an order for the surrender of possession should be made, before a writ of assistance is granted; but, where the record shows that such an order would have been unavailing, the defendants resisting the purchaser's right to be let into possession, such preliminary order may be dispensed with.

5. *Election between action at law and writ of assistance.*—If the purchaser has brought an action at law to recover the possession, and the institution of such action furnishes good cause for compelling an election between it and a writ of assistance; that is defensive matter, in the nature of confession and avoidance, and must be proved by the defendants setting it up.

APPEAL from the Chancery Court of Choctaw.

Heard before the Hon. JOHN A. FOSTER.

The appeal in this case is taken from an order and decree granting a writ of assistance to Joseph M. Lyon, on his petition, to put him in possession of certain lands, of which he claimed to be the purchaser at a sale made by the register of said court; which petition was resisted by John W. Kemp, E. T. Kemp, James M. Kemp, and Robert W. Kemp, who were in possession of the land, and were also defendants to the suit in which the decree of sale was rendered. The decree, under which the register sold said lands, was rendered on the 22d January, 1878, in a cause then pending in said court, wherein Edward McCall, as the administrator of Joseph Kemp, deceased, was complainant, and the defendants to said petition, with others, were defendants. The bill was filed by said ad-

[Kemp v. Lyon.]

ministrator, on the 14th October, 1875, for the purpose of obtaining a judicial construction of the decedent's will, the removal of the administration from the Probate Court, the instructions of the court in the further administration of the estate, and an injunction of an action at law instituted against the administrator by Mrs. M. A. Cahoon, one of the defendants to the bill, to recover the arrears of an annuity bequeathed to her by the will. By the decree rendered in the cause on said 22d January, 1878, the chancellor removed the administration into the Chancery Court, enjoined Mrs. Cahoon's action at law, and further decreed as follows: "It is ordered and decreed, that the lands in the possession of E. T. Kemp, John W. Kemp, James M. Kemp and Robert W. Kemp are justly chargeable with said annuity of $150" [in favor of Mrs. Cahoon] "up to the majority of said Robert W. Kemp, and a lien is hereby declared to exist on said real estate, in favor of Mrs. M. A. R. Cahoon, for the arrearages of said annuity; and it is decreed that, in case said sum of $450, with the interest due thereon, be not paid on or before November 1st, 1878, it is hereby made the duty of the register to sell a sufficient quantity of the lands of said E. T., John W., James M. and Robert W. Kemp, to pay off said claim, together with the costs of this suit."

On the 10th November, 1879, a petition was filed in the cause by the administrator, alleging that the numbers of the lands, as designated in the government survey, were incorrectly stated in the bill, and praying that the mistake might be corrected by the substitution of the proper numbers in the bill, and that the decree might be amended, *nunc pro tunc*, by the insertion of these numbers in describing the lands. On the 14th November, 1879, the chancellor granted leave to amend the bill and decree as prayed; but the record does not show that any of the defendants to the bill were notified of the proposed amendment. At the June term, 1881, the register reported that he had sold the lands under the decree, on the 5th April, 1880, and that Mrs. M. A. Cahoon became the purchaser, at the price of $1,160, and the report then added: "The said decree in this cause has been transferred by Mrs. M. A. R. Cahoon to one Joseph M. Lyon, by whom the court costs have been paid." The report was read on the 14th June, 1879, and ordered to lie over for one day; and the following decree was rendered: "By consent of the parties, it is ordered by the court, that the report of the register of the sale of the land be, and it is hereby confirmed; and Joseph M. Lyon being substituted, by consent of all parties, for Mrs. Cahoon, the purchaser, it is ordered by the court, that the register make to him a deed to the lands sold under the decree in this cause, and bid

[Kemp v. Lyon.]

off by Mrs. M. A. R. Cahoon, upon his crediting the decree with the amount of the purchase-money of the land."

The petition for the writ of assistance was filed by said Joseph M. Lyon on the 11th June, 1883, and alleged the rendition of said decree on the 22d January, 1878, the sale of the lands under it by the register, the purchase by the petitioner, the confirmation of the sale by the court, the execution of a deed by the register to the petitioner, and the possession of the lands by said E. T., John W., James M. and Robert W. Kemp, who, it was added, "withhold the same from your petitioner, and have had notice of this application." An answer to the petition was filed by said E. T. Kemp and the other defendants named, in which they set up the following defenses to the relief prayed by the petition : 1st, that the amendment of the decree *nunc pro tunc*, under which the lands as therein described were sold, was void, and was rendered without notice to them ; 2d, that the purchase-money had never been paid to the register, nor entered as a credit on the decree; 3d, that the court had never made an order requiring the defendants to surrender the possession of the lands to said Lyon as the purchaser ; 4th, that the decree was not authorized by the pleadings and proof in the cause; and, 5th, that Lyon had instituted an action at law to recover the possession of the lands, which they pleaded in bar of the relief sought by the petition, or as ground to compel an election by him.

The cause being submitted to the chancellor, on the petition and answer thereto, he rendered a decree awarding a writ of assistance as prayed ; and his decree is now assigned as error.

L. H. Faith, with whom was F. L. Pettus, for appellant. (1.) The court had no jurisdiction to make the amendment *nunc pro tunc.—Trawick v. Trawick,* 67 Ala. 271 ; *Van Dyke v. The State,* 22 Ala. 57 ; *Buchanan v. Thomason,* 70 Ala. 401 ; *Whorley v. Railroad Co.,* 72 Ala. 20 ; *Jonnson v. Glasscock,* 2 Ala. 519 ; *Ansley v. Robinson,* 16 Ala. 793 ; *Watt v. Watt,* 37 Ala. 547 ; *Lilly v. Larkin,* 66 Ala. 122 ; *Thompson v. Miller,* 2 Stew. 470. (2.) The decree being void, it may be collaterally assailed, and the sale under it is equally void.—2 Brick. Digest, 157–8, §§ 17–21 ; Freem. Void Jud. Sales, 17–18. (3.) The court will not lend its assistance to carry into execution an erroneous or unjust decree.—3 Amer. Eq. Digest, 358, § 4. (4.) By the established practice of the court, an order for the surrender of possession must be made, and a copy of that order must be served on the defendant, before a writ of assistance will be awarded against him.—*Creighton v. Paine,* 2 Ala. 158; *Trammel v. Simmons,* 8 Ala. 271 ; *Thompson v. Campbell,* 57 Ala. 183 ; *Hooper v. Yonge,* 69

[Kemp v. Lyon.]

Ala. 484; *Kershaw v Thompson*, 4 Johns. Ch. 609; 2 Dan. Ch. Pr. 1062, 5th ed. (5.) The lapse of time is fatal to the relief sought by the petition.—*Hooper v. Yonge*, 69 Ala. 484; *Barton v. Beatty*, 28 N. J. Eq. 412; *Van Meter v. Brown*, 25 N. J. Eq. 414; 2 Dan. Ch. Pr. 1063.

W. F. GLOVER, and J. J. ALTMAN, *contra*.—(1.) The court had power to amend its own decrees, *nunc pro tunc*, at a subsequent term, on proper evidence; and it was not necessary to set out the evidence authorizing the amendment. An appeal from the decree being now barred, its validity can not be assailed collaterally.—29 Ala. 542; 41 Ala. 26; 53 Ala. 152; 50 Ala 557; 52 Ala. 55; 18 Ala. 694. (2.) The sale was confirmed, by consent, to Lyon as the purchaser; and this consent decree operates as an estoppel against impeaching its validity. (3) The petitioner was entitled to a writ of assistance to enforce his purchase.—*Richardson v. Jones*, 3 Gill & J. 163; 69 Ala. 484; 70 Ala. 108; 2 Dan. Ch. Pr. 1280, 1st ed. by Perkins.

STONE, C. J.—In two respects, it is possible the rulings of the chancellor would have been reversed, if there had been an appeal, prosecuted in time. Those rulings are—first, the character and extent of the relief granted, considered in connection with the pleadings on which it was granted. The object of the bill was, to obtain a construction of the will of Joseph Kemp, deceased, and instructions for the administration of his estate, in its changed condition brought about by the emancipation of slaves, which constituted a large part of his estate. The bill, framed only for these objects, was, perhaps, wanting in necessary averments to justify the decree that the lands should be sold for the payment of the unpaid balance of Mrs. Cahoon's annuity.

The second, possibly, faulty ruling, was in allowing the amendment *nunc pro tunc*. The bill set forth certain lands, described by government-survey numbers, as belonging to the estate of the testator. The decree ordered a sale of the lands, by numbers corresponding to those stated in the bill. The decree was rendered and enrolled. At a subsequent term of the court, the complainant moved the court, on written application, for leave to amend his bill and the decree, by striking from each the numbers of the land therein described, and inserting other numbers. It would seem to be clear, that this motion proposed to effect a very material change in the relief prayed for and obtained. Defendants might have been willing that the lands described in the original bill should be sold, and unwilling to have their rights to the substituted lands passed on

[Kemp v. Lyon.]

in that proceeding. Yet the motion was granted, without any notice to the defendants, so far as this record discloses. It is even questionable if the motion should have been granted, even if there had been notice. Such orders are granted, only on evidence which is matter of record, or *quasi*-record.—1 Brick. Dig. 78–9, §§ 138, 139, 145, 147. The transcript in this case discloses no record, nor any thing having the properties or nature of a record, which could have authorized the amendment. No appeal, however, was taken from these rulings, and the time for such appeal has long since expired.

After the decree was rendered, and after the amendment *nunc pro tunc* was petitioned for and allowed, the register advertised and sold the lands, and Mrs. Cahoon was set down as the highest bidder and purchaser. Before the sale was reported to the chancellor, an agreement was made and reported to the register, by which Lyon, the present appellee, was substituted for Mrs. Cahoon as the purchaser. The register thereupon reported the sale, and, among other things, said: " The said decree in this cause has been transferred by Mrs. M. A. R. Cahoon to one Joseph M. Lyon, by whom the court costs have been paid." The report of sale, after having been read, lay over one day by order of the court, and was then confirmed. In the order of confirmation is this language : " By consent of the parties, it is ordered by the court, that the report of the register of the sale of the land be, and it is hereby confirmed ; and Joseph M. Lyon being substituted, by consent of all the parties, for Mrs. Cahoon, the purchaser, it is ordered by the court, that the register make to him a deed to the land sold under the decree in this cause, and bid off by Mrs. M. A. R. Cahoon, upon his crediting the decree with the amount of the purchase-money of the land."

Lyon filed his petition in the court below, for a writ of assistance, or to be let into the possession of the land. The will of testator had devised the lands in controversy to his four grandsons, and the petition alleged they were in possession. The petition, after setting forth petitioner's purchase, averred further, that "said sale, having been complied with, was confirmed by said court ; whereupon the register executed to petitioner a deed to the lands," which had been described in a previous part of the petition. The four grandsons, devisees, had been made parties to the suit, and they were made parties to the petition by service of notice. They resisted the relief prayed for in the petition, and set forth several grounds why the prayer should not be granted. They did not deny any thing set forth in the record as having been done.

They resisted, first, on the ground that the decree of sale was outside of the scope and purview of the bill, and that the amend-

[Kemp v. Lyon.]

ment of the bill and decree *nunc pro tunc* was unauthorized. We think the consent decree of substitution and confirmation cured these irregularities. In the case of *Tillman v. Spann*, an attempt was made to get around the force of recitals of facts, found in the chancellor's decree. The facts recited did not otherwise appear in the record, yet they were material to the extent of relief granted. We said: "We feel bound by the statement of the chancellor. . . If the chancellor fell into error, as to the nature and scope of the agreement, that should have been corrected in the court below."—68 Ala. 102. So, recitals in judgment-entries, of material matters not otherwise appearing, have always been regarded by this court as facts judicially ascertained. Nothing less than this can uphold the absolute verity of records.—*Gilbert v. Lane*, 3 Por. 267 ; *Moon v. Crowder*, 72 Ala. 79 ; *Hearn v. The State*, 62 Ala. 218 ; *Lee v. Sims*, 65 Ala. 248 ; 2 Brick. Dig. 145, §§ 206, 209 ; *Deslonde v. Darrington*, 29 Ala. 92 ; *Colbert v. Daniel*, 32 Ala. 314 ; *Catlin v. Gilder*, 3 Ala. 536 ; *Sloan v Frothingham*, 65 Ala. 593 ; and s. c., 72 Ala. 589.

The second objection urged was, that the purchase-money had not been paid by Lyon. In the decretal order confirming the sale, the chancellor directed the register to make title to Lyon, the purchaser, "upon his crediting the decree with the amount of the purchase-money of the land." The petition for writ of assistance avers, that the register had made a deed to Lyon as purchaser. This the register had no authority to do, until the credit was entered. The answer does not deny that the deed was made, but impliedly admits it. Presuming, as we must, that the register obeyed the chancellor's instructions and did his duty, we hold this made a *prima facie* case of compliance by the purchaser, and cast on the defendants the burden of disproving it. No proof was offered on the subject, and the *prima facie* case is thereby left unrebutted. There is nothing in this objection.

It was further urged, that the chancellor should not award the writ of assistance in the first instance, but should first have made an order, requiring defendants to surrender possession of the land. Possibly, that is the customary and better practice. 2 Dan. Ch. Pr. 1062 ; *Kershaw v. Thompson*, 4 Johns. Ch. 609 ; *Thompson v. Campbell*, 57 Ala. 183 ; *Hooper v. Yonge*, 69 Ala. 484 ; *Johnson v. Smith*, 70 Ala. 108. This, however, must be largely a matter of discretion, dependent on the facts of each particular case. It would be harsh to issue the order in the first instance, unless it appear that the defendant in possession refuses to vacate the premises. It is, however, made to appear in this case, that the defendants in possession resist Lyon's asserted right to be let into the occupancy. This shows that pre-

[Askew Brothers v. Steiner & Lobman.]

liminary orders would probably have been unavailing, and dispensed with any supposed necessity of invoking them.

It was urged in defense of the petition, that Lyon had instituted his action of ejectment to recover possession, and that said suit was still pending. Defendants moved that complainant be put to his election, which remedy he would pursue. It is a sufficient answer to this, that we find in the record no evidence in support of this averment. This was defensive matter, in the nature of confession and avoidance, the proof of which was on the party who set it up. Failing to prove it. defendants can take nothing by it.

The decree of the chancellor is affirmed.