# Tanner *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Confession of judgment for fine and costs; married woman as surety.* A married woman can not, without the assent or concurrence of her husband, expressed in writing (Code, § 2346), confess judgment as surety for the fine and costs in a criminal case (§ 4502); and the court may refuse to accept such confession of judgment.

FROM the Circuit Court of Cherokee.
Tried before the Hon. JOHN B. TALLY.

BENJ. F. POPE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—Appellant, having been convicted for carrying a pistol concealed about his person, and fined two hundred and fifty dollars, proposed to confess judgment, as authorized by section 4502 of the Code, which provides: "When a fine is assessed, the court may allow the defendant to confess judgment, with good and sufficient sureties, for the fine and costs." The surety offered, Mrs. Nadie Savery, owned real and personal property of the value of several thousand dollars;

[Tanner v. The State.]

but it also appeared that she was a married woman, and the property was her statutory separate estate. The assent, or concurrence of her husband, expressed in writing, was not produced or shown. The court refused to allow such confession of judgment by her, and the defendant excepted.

Where the statutes enable a married woman to contract, whether generally, or in a specified and conditional mode, her authority to confess judgment rests on the extent of the statutory enlargement of her common-law capacity to contract and be sued. Speaking of the difference of opinion in the authorities, in regard to the power of a married woman to bind herself by a confession of judgment, Mr. Black ap'ly observes : "In fact, it is impossible to formulate a general rule ;. the question must ultimately be referred to the statutes in the several States regulating her *status* and rights. In proportion as the *feme covert* is emancipated from the rigors of the common law, her power to confess judgment increases in respect to the variety of obligations upon which it may be exercised." If the contract be such as she is capacitated to make, and upon which she may be sued as if she were sole, she has also capacity to confess a judgment upon such contract, the same being a legal mode of procedure or suit for its enforcement. On the other hand, if the contract be such as a married woman is incapacitated to enter into, her confession of judgment upon such contract is a nullity, subject to be vacated. The capacity to confess judgment depends upon, and is co-existent with, her capacity to contract.—*Heywood v. Shreve*, 44 N. J. L. 94; 1 Black on Judgment, § 55.

When there is no antecedent liability, a confessed judgment partakes more of the nature of a contract than a judgment, which is the enforcement of the obligations of a prior agreement. A judgment confessed under section 4502 has been held to be, as to the surety, a civil liability, a mere promise to pay money, evidenced by the judgment.—*State v. Allen*, 71 Ala. 543. The confession is the mode of contracting in such case, and the confessed judgment is a contract in the meaning of section 2346 of the Code. The power of a married woman to contract is expressed in the section last mentioned, as follows : "The wife has full legal capacity to contract in writing as if she was sole, with the assent or concurrence of the husband expressed in writing." If Mrs. Savery had signed a bond, obligating herself to pay the fine and costs, without the written assent or concurrence of her husband, it would have been void; so also, a judgment confessed upon such bond. It follows, she has, under the statute, no legal capacity to confess a judgment for the fine and costs as

[Graham v. The State.]

surety for appellant. creating an original promise to pay money,
without such assent or concurrence of her husband, which
would bind her personally, or be a charge on her statutory
separate estate.

This is the only exception appearing in the record.

Affirmed.