## Bitzer *against* Shunk.

A partner has no power to bind his co-partner by a confession of judgment against the firm: but if such a judgment be confessed, it will bind the partner who did it, and be void as to the other.

ERROR to the Common Pleas of *Dauphin* county.

Samuel Bitzer and James H. Devor, against Christian Shunk and Joseph Bauman, trading under the firm of Shunk & Bauman.

Amicable action entered in the Common Pleas of Dauphin county.

Whereas Joseph Bauman drew his certain promissory note, dated 13th day of July one thousand eight hundred and forty, wherein and whereby he promised to pay to the order of the said Christian Shunk, at the Harrisburg Bank, twelve months after the date thereof, the sum of six hundred and fifty dollars, which said note was endorsed by the said Christian Shunk, and afterwards by the said Samuel Bitzer & James H. Devor, and delivered to H. & J. E. Barnitz, who discounted the same for the use of the said Joseph Bauman & Christian Shunk, the proceeds of which said promissory note afterwards went into, and was appropriated to the use and business of the said firm of Shunk & Bauman, now, for the purpose and with the intention and design of indemnifying the said Samuel Bitzer & James H. Devor, and saving them harmless against the payment of the aforesaid promissory note, I hereby agree that the above stated action be entered of record in the Common Pleas of Dauphin county; and I hereby appear to the same for myself, and for my partner, the said Christian Shunk, and for the said firm of Shunk & Bauman, and confess judgment thereon in favour of the said plaintiffs, against the aforesaid firm of Shunk & Bauman, for the sum of seven hundred dollars, to be considered cautionary, and as indemnity to the said plaintiffs for any loss, costs and expenses, which they may incur by reason of their endorsement of said promissory note, with right to issue execution only from the time they or either of them shall have sustained, and for the amount only so sustained, and paid.

[Bitzer v. Shunk.]

In witness whereof, I have hereunto set my hand, this eighth day of September one thousand eight hundred and forty.

Jos. Bauman.

*Witness present,*
John M. Woodburn.

Upon the affidavit of Christian Shunk, one of the defendants, the court below set aside this judgment, on the ground that one partner had no power to confess a judgment against the firm, and that it was, therefore, void as to Christian Shunk, and being void as to one, it was so as to both.

*Devor, in propria persona,* argued that one partner might employ counsel and authorize him to confess a judgment against the firm, which is but an assertion of the principle, that he may give a warrant of attorney. This case was but an authority by one partner to the prothonotary to enter a judgment in pursuance of the Act of 21st March 1806, Sec. 8. See also 12 *Serg. & Rawle* 13. But, be this point as it may, clearly the judgment was good as against him, who confessed it. 2 *Caines* 254; 2 *Wm. Blac.* 1133; 1 *Wend.* 311, 326; 3 *Dall.* 331; 1 *Dall.* 119.

*M'Cormick, contra,* contended that a judgment against two cannot be made a judgment against one only, nor can it be reversed as to one and affirmed as to the other. 6 *Serg. & Rawle* 18; 2 *Bac. Ab.* 500; 10 *Watts* 51.

The opinion of the Court was delivered by
Kennedy, J.—We think the court below were right in deciding that the written authority given by Joseph Bauman alone, to enter an amicable action therein, and confess a judgment against himself and his co-partner, Christian Shunk, in favour of the plaintiffs, was not sufficient for that purpose. But we are of opinion, that the court erred in setting the judgment aside as against both on that ground. It was, undoubtedly, a good reason for setting the judgment aside, or vacating it, as against Shunk, but not as against Bauman. And what makes this still more clear here, is, that Bauman does not object to the judgment remaining against him alone. Nor could he do so with any propriety, because he had most unquestionably a right to authorize the confession of the judgment against himself, and the circumstance of his not having a power from Shunk to join him in the confession, furnishes no reason whatever, why the confession of the judgment should not be good and binding as such, against himself. If he had executed a deed in the name of both, without any authority from Shunk to do so, it would not be pretended that such deed was not binding upon himself, as his deed alone, though it could not be considered the deed of Shunk. The object and design of entering the judg-

[Bitzer v. Shunk.]

ment is admitted to have been perfectly honest and fair; but as no special authority was given by Shunk to Bauman, to confess or authorize the confession of a joint judgment against them both, and as no general authority to that effect could be implied, because it was wholly unnecessary that the one partner should have such an authority from the other for the purpose of carrying on and transacting the business of their partnership, the judgment was consequently improperly entered against Shunk; but upon no principle of justice can it be said to be so as against Bauman. The only objection is one of form at most; which is, that Shunk ought not to have been joined in it, but that it ought to have been entered against Bauman solely. But it is clear that it does not lie in the mouth of Bauman to make this objection against the judgment, even if he were disposed to do so, because he was himself the cause of it; and in the next place, it is not an error that does him any injury. Shunk alone is the one who has the right to object to it, as he was joined in it without his consent, or any authority given by him for that purpose; but he at most can not ask any thing more, than that the judgment be vacated as to him, or his name stricken from the record of it. This is all, we think, that the court below ought to have done, as the application to them was not to be regarded in the nature of a writ of error, but as a motion made to the court, for the purpose of having the judgment corrected according to the authority under which it was entered. For this course, instead of setting the judgment aside altogether, they had the authority of the case of *Motteux* v. *St. Aubin*, (2 *Bl. Rep.* 1133) and *Gerard* v. *Basse* (1 *Dall.* 119.) The order, made by the court below, setting the judgment aside, is therefore reversed, and the name of Christian Shunk is ordered to be stricken out of the judgment, and the record of it, so that there shall remain a judgment against Joseph Bauman alone.

Judgment accordingly.