### No. 10,203.

### LENNEN v. LENNEN.

LEASE.—*Assignment of.*— *When Owner of Land not Liable to Assignee of Lease· for Use and Occupancy.*—A., having an estate in land for the life of another, leased it for a term of years. The lessee, having assigned the lease to B., abandoned the possession of the land. C., the owner of the remainder in fee, having purchased the estate of A., entered and took possession as owner. Suit by B., the assignee of the lease, to recover from C. for the use and occupancy of the premises.

*Held,* that B. acquired no right in the land but a right to enforce the conditions and covenants of the lease against the lessee, and could not recover from C.

SAME.—*Abandonment by Tenant.*—*Entry by Owner.*—An owner of real estate may lawfully enter upon his land after it has been abandoned by a. tenant, and can not therefore be treated as a trespasser. .

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.
*J. Stafford* and —— *Boyd,* for appellee.

ELLIOTT, J.—William C. Lennen owned an estate for the· life of Parmelia Lennen in the land here the subject of con-- troversy; the remainder in fee was vested in the appellant. The land was demised to Benjamin Haney, for a term of five years, by William C. Lennen, and the lease was by him afterwards assigned to the appellee; the appellant purchased the life-estate of the lessor, William C. Lennen, and thus united in himself the particular estate and the remainder; the lessee·

abandoned possession of the demised premises, and appellant entered and took possession as owner. Sarah Lennen, the assignee of the lease, instituted this action to recover from the appellant for the use and occupancy of the premises, and obtained judgment.

The controlling question is, what right did the assignment of the lease vest in the appellee? If it vested in her an interest in the land itself, then it might be maintained with fair show of reason that the appellant was rightly held liable for the use and occupancy of the premises; if, on the other hand, it vested in her a mere right to receive the rents and compel their payment, it simply created a personal charge against the lessee, and did not entitle her to maintain an action against the owner, who had entered upon the abandonment of the land by the tenant. It is clear to our minds that the assignment of the lease by the lessor conferred a right against the tenant, but conveyed no interest in the land. It is one thing to sell the reversion, and another thing to assign the lease. In the one case, an interest in the land itself passes; in the other, only a right to enforce the covenants and conditions of the lease is transferred. A man may sell his interest in a lease, and yet retain his reversionary interest intact. In the case before us, the appellee acquired no right in the land, but did acquire a right to enforce the conditions and covenants of the lease against the tenant.

An owner may lawfully enter upon his land after it has been abandoned by a tenant, and can not be treated as a trespasser. If it were otherwise, an owner of valuable property might be compelled to stand by and see his property go to ruin for want of some one to occupy and care for it.

Upon the facts proved the law is with the appellant, and the verdict was contrary to law.

Judgment reversed.