Filed May 17, 1889.

———•———

No. 12,571.

SWOPE ET AL. *v.* HOPKINS.

LANDLORD AND TENANT.—*Year to Year Tenancy.*—*Conveyance of Leased Premises.*—*Rights of Grantee*—A tenancy from year to year is not changed by a conveyance of the real estate by the lessor, and the grantee may terminate it by proper notice and recover possession, the same as his grantor might have done.

From the Boone Circuit Court.

*C. S. Wesner* and *O. D. Wesner,* for appellants.

*F. M. Charlton* and *T. W. Lockhart,* for appellee.

OLDS, J.—This was an action between landlord and tenant for the possession of real estate. The only question presented is as to the sufficiency of the evidence to support the verdict. The evidence shows that one Liston P. Hopkins,

brother of the appellee, was the owner of the real estate in question, and that, on the 9th day of January, 1884, he leased the same to the appellants for an indefinite period, at ten dollars per month, and they took possession of the same; that soon afterwards said Liston P. Hopkins sold and conveyed the real estate to the appellee, and the appellants recognized the appellee as their landlord and paid him rent. On the 8th day of October, 1884, the appellee served written notice on appellants, as prescribed by statute, to vacate the premises and surrender possession of the same to him at the expiration of the current year, and, on February 2d, 1885, this suit was brought for the possession.

This was a general tenancy, whereby the premises were occupied by appellants by the consent of the landlord, and constituted a tenancy from year to year, and the current year expired one year from the commencement of the occupancy by the consent of the landlord, which was January 9th, 1884. By the sale and conveyance of the real estate to appellee, and the recognition of such sale and payment of the rents by appellants to the appellee, the appellants became the tenants of the appellee, but it did not change the nature of the tenancy or give to the tenants any greater rights than they otherwise had. There can be no difference in this tenancy and any other in this respect. If Liston P. Hopkins had leased the real estate for one year, and afterwards, within the year, sold and conveyed the real estate to the appellee, whereby the appellants became tenants of the appellee, it certainly would not be contended that the lease was extended, or that the lessees would have any greater right, by reason of such sale. The rights of the lessees remain the same; the sale of the real estate did not add to or take anything from the tenancy. *Kellum* v. *Berkshire Life Ins. Co.,* 101 Ind. 455; *Lennen* v. *Lennen,* 87 Ind. 130.

There was evidence to support the verdict.

Judgment affirmed, with costs.

Filed May 18, 1889.