## DAVENPORT MILLS COMPANY v. CHAMBERS.

[No. 17,846.   Filed October 22, 1896.]

JUSTICE OF THE PEACE.—*Jurisdiction.*—Unless the record of a judgment rendered by a justice of the peace shows affirmatively that jurisdiction was acquired, the same is void.

PARTNERSHIP.—*Judgment.*— *Confession Of.*— A partner has no authority to confess judgment against his partners, and if judgment be entered upon such confession, it will be void as to them, but valid as to him.

SAME.—Where partners are sued and one partner files an affidavit confessing judgment, signed by the firm name, but which purports to be and is his affidavit, the judgment is void as to the partnership.

PRACTICE.—*Waiver.*—When a demurrer to the answer is sustained and an amended answer is filed, error is waived as to sustaining of demurrer.

From the Clay Circuit Court. *Affirmed.*

*W. B. Schwartz,* for appellant.

*Rawley & Hutchison,* for appellee.

MONKS, J.—Appellee brought this action against appellant, to enjoin the collection of a judgment against appellee, rendered by a justice of the peace, for the reason that the same was void.

Appellant demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer was over-ruled. Appellant answered in two paragraphs, to the second of which a demurrer was sustained, and thereupon appellant filed an amended answer in two paragraphs, to the second of which a demurrer was sustained. A trial of the cause by the court resulted in a finding and judgment in favor of appellee.

The errors assigned are:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in sustaining the demurrer to the second paragraph of the answer.

It appears from the entry of said judgment, made by said justice, which is copied into and made a part of the complaint, that on October 17, 1894, appellant, by attorney, filed a complaint against Charles Hipplehouser and appellee, partners, upon account, that thereupon Charles Hipplehouser filed the following:

"Davenport Milling Co. v. Charles Hipplehouser and William Chambers, constituting the firm name of Hipplehouser & Chambers. Comes now Charles Hipplehouser, a partner of the aforesaid firm of Hipplehouser & Chambers, and swears that the aforesaid firm justly owes the above named plaintiff ($231.75) two hundred and thirty-one dollars and seventy-five

cents, the grounds of this action, and that he does not confess judgment therefor to defraud his creditors.

HIPPLEHOUSER & CHAMBERS,

Approved by Charles Hipplehouser."

That upon the same day Charles Hipplehouser appeared and made oath that said writing was true. Thereupon the justice of the peace rendered judgment upon said confession against Hipplehouser & Chambers for two hundred and thirty-one and 75-100 dollars and costs. The record of said judgment does not show that any summons was ever issued or served in said cause, or that any appearance was ever entered to said actions, except as set forth.

After setting out a copy of said judgment, it is alleged: "That at the time the complaint in said cause was filed and judgment rendered, said Hipplehouser and appellee were partners, doing business as bakers and confectioners under the name of Hipplehouser & Chambers; that appellee was never served with summons, or in any other manner notified of the commencement or pendency of said action, and never appeared therein, either in person or by attorney, and knew nothing of said action until long after said judgment had been rendered, and that he never authorized any one to confess judgment or file any papers for him in said cause, and that said justice had no jurisdiction over the person of appellee; that a transcript of said judgment was afterwards filed and recorded in the office of the clerk of the Clay Circuit Court, and an execution was issued thereon by the clerk of said court and delivered to the sheriff of said county; that appellant is the owner in fee-simple of the following real estate in said county (describing it), and that said judgment and execution constitute a cloud upon appellee's title thereto. Wherefore appellee demands that said judgment be declared void," etc.

Davenport Mills Company *v.* Chambers.

It is settled law in this State that unless the record of a judgment rendered by a justice of the peace shows affirmatively that jurisdiction was acquired, the same is void. *Newman* v. *Manning*, 89 Ind. 422; *Wilkinson* v. *Moore*, 79 Ind. 397; *Nicholson* v. *Stephens*, 47 Ind. 185; *Smith* v. *Clausmeier*, 136 Ind. 105; *Penrose* v. *McKinzie*, 116 Ind. 35; *Johnson* v. *Ramsay*, 91 Ind. 189.

The record of the judgment shows that the same was not confessed by the firm. It is a well settled doctrine that a partner, by virtue of his general power to act as agent of the firm, has no authority to confess a judgment against his partners, and if judgment be entered upon such confession, it will be void as to them, but valid as to him. *Hopper* v. *Lucas*, 86 Ind. 43; *Bitzer* v. *Shunk*, 1 Watts & S. 340, 37 Am. Dec. 469; *Elliott* v. *Holbrook*, 33 Ala. 659; *Crane* v. *French*, 1 Wend. 311; *York Bank's Appeal*, 36 Pa. St. 458; *Soper* v. *Fry*, 37 Mich. 236.

The judgment would have been void, therefore, even if Hipplehouser had confessed judgment against himself and appellee. He did not, however, confess judgment against the firm, but against himself. The affidavit is filed by him, and although signed by the firm name, purports to be and is his affidavit, and not the affidavit of appellee.

It follows that the judgment rendered against appellee was void, and the court did not err in overruling the demurrer to the complaint.

After the court below sustained the demurrer to the second paragraph of answer, appellant filed an amended answer in two paragraphs, thereby waiving the second error assigned. Elliott's App. Proced., section 683, and cases cited. The action of the court in sustaining the demurrer to the second paragraph of

the amended answer is not called in question by any error assigned.

Judgment affirmed.