ADAMS *v.* HOLCOMB ET AL.

[No. 28,420. Filed March 12, 1948.]

*Owen S. Boling,* of Indianapolis, for appellant.

*Wilfred Seyfried* and *L. Russell Newgent,* both of Indianapolis, for appellees.

STARR, J.—The appellees brought this action in the Marion County Municipal Court to recover the possession of a dwelling house and damages for the unlawful detention thereof. From a judgment awarding possession and damages to the appellees, this appeal is taken.

Omitting the formal allegations, the complaint is in words and figures as follows:

"1. That the plaintiffs herein are the purchasers on a conditional sales contract of certain property located in Marion County known and designated as Lot Number 4 in Christian Neerman's subdivision of lots 63 and 67 in S. K. Fletcher's First Brookside Addition to the City of Indianapolis, generally known as 2835 E. 19th Street, Indianapolis, Marion County, Indiana; that as such purchasers they are entitled to the possession of such real estate.

"2. That the defendant now holds possession of said real estate without right or color of title, and since May 13th, 1946, have unlawfully kept these plaintiffs out of possession thereof; that notice and demand for possession have been made upon said defendant and that said defendant has refused possession of said property to these plaintiffs.

"3. That all Federal laws applicable hereto have been complied with.

"Wherefore, plaintiffs demand judgment for possession of said real estate, for damages, for attorney fee and for any other fitting and proper relief in the premises."

To this complaint the appellant addressed a motion to make more specific in that the appellees be required to state the facts necessary to sustain the following conclusion (a) "that as such purchasers they are entitled to such possession of the real estate." (b) by stating in what manner notice and demand for possession have been made upon the appellant; and, (c) "By stating the facts necessary to sustain the conclusion 'that all Federal Laws applicable hereto have

been complied with.' " This motion was overruled by the trial court. Thereupon, the appellant filed his demurrer to this complaint upon the following grounds: First, that the complaint does not state facts sufficient to constitute a cause of action; Secondly, that the court did not have jurisdiction of the subject matter of the action. Attached to this demurrer was a memorandum setting forth certain grounds why the facts were not sufficient; also, that said trial court had no jurisdiction in actions involving the title to real estate. This demurrer was overruled.

The appellant has assigned as errors the overruling of the motion to make more specific, overruling of the demurrer to the complaint, and overruling of the motion for a new trial. We will first consider the action of the court in overruling appellant's demurrer based on lack of jurisdiction of the subject matter.

In considering the allegations of this complaint we are forced to disregard all conclusions of fact contained therein complained of in appellant's motion to make the complaint more specific, which motion should have been sustained. The appellees' act in opposing and procuring the court to overrule this motion must be deemed an admission that no facts were relied upon except expressly averred. *Enterprise, etc., Pub. Co.* v. *Craig* (1924), 195 Ind. 302, 144 N. E. 542; *Neal* v. *Baker* (1926), 198 Ind. 393, 153 N. E. 768.

The question, therefore, is whether or not the complaint, stripped of all its conclusions of fact, shows on its face that the trial court had no jurisdiction of the subject matter of the action. It is appellant's contention that this complaint, if anything, is a complaint in ejectment as authorized by § 3-1301, Burns' 1933,

1946 Repl., and being a complaint in ejectment the trial court had no jurisdiction.

The Municipal Court of Marion County is a court of limited jurisdiction and has only such powers as the statute of its creation confers. Its jurisdiction is granted by § 4-2502 Burns' 1933, 1946 Repl.

This section, among other things, provides that said court shall have ". . . jurisdiction, irrespective of the value of the property sought to be recovered, in possessory actions between landlord and tenant. Such court shall have no jurisdiction in actions involving the title to . . . real estate . . ."

It is our opinion that the complaint herein is a defective complaint in ejectment, but it does not follow that this complaint shows on its face that the trial court did not have jurisdiction. As we have heretofore noted the Municipal Court of Marion County has jurisdiction "in possessory actions between landlord and tenant." Ejectment is a possessory action. 28 C. J. S., *Ejectment,* §§ 1, 2 and 3, pp. 848 et seq.

In speaking of ejectment this Court has said:

"It is often necessary for the plaintiff to show a right of property in order to establish a right of possession. In some instances he must show an estate in fee; in others a less estate is sufficient. But it is in all cases indispensable, that the plaintiff show a clear legal right of possession in his lessor . . . Whatever kind of title the plaintiff may show, or from whatever source it may be derived, the right of possession is the object to which the eye of the law is uniformly directed; and to that object the evidence should always apply. Ejectment is a possessory action. The subject of controversy is not the ultimate title to the land itself, but the legal right of possession." *Doe* v. *West* (1820), 1 Blackf. 133, 134.

Ejectment is a proper remedy to be used by a landlord to recover possession of the leased premises from his tenant after the expiration of the term, or for non-payment of rent, or for forfeiture of the lease by breach of the condition thereof when it is stipulated in the lease or provided by law that the lessor shall have the right to re-enter for such non-payment of rent or breach of condition. 18 Am. Jur., *Ejectment*, § 48; *Michaels* v. *Fishel* (1902), 169 N. Y. 381, 62 N. E. 425; *St. Germain* v. *Sears, Roebuck & Co.* (1942), 112 Ind. App. 412, 44 N. E. 2d 216.

It is true that in ejectment the plaintiff must recover on the strength of his own title, and this court on many occasions has said that in ejectment title is in issue. See *Blake* v. *Minkner* (1893), 136 Ind. 418, 36 N. E. 246. But where the action is brought by a landlord against his tenant merely to recover possession of the real estate the tenant is estopped while continuing in possession, to dispute the title of his landlord, and the landlord is entitled to recover without further proof of his title than the fact that the defendant is his tenant in possession as such. Warvelle, *Ejectment* § 236. Of course this rule as to estoppel does not apply when the purpose of the suit is to establish title, or where the decree sought would not only give possession of the land but by estoppel settle the title to it. *Tuell* v. *Homann* (1915), 60 Ind. App. 285, 108 N. E. 596. See 89 A. L. R. 1295 Note.

It is the law that where an action is brought for possession of real estate before a justice of the peace, under the statute authorizing summary proceedings by a landlord against his tenant for possession § 3-1601 Burns' 1933, 1946 Repl., *et seq.*,

the complaint must show on its face that the relation of landlord and tenant exists, and if it fails to do so the justice has no jurisdiction. *Burgett* v. *Bothwell* (1882), 86 Ind. 149. See also *Newman* v. *Manning* (1883), 89 Ind. 422; *Davenport Mills Company* v. *Chambers* (1896), 146 Ind. 156, 44 N. E. 1109; *Wilkinson* v. *Moore* (1881), 79 Ind. 397. These cases are based upon the rule that the jurisdiction of an inferior tribunal must be shown affirmatively by the record. These cases, however, are not applicable to the matter under consideration as § 4-2520 Burns' 1933, 1946 Repl., provides that in the Municipal Court of Marion County the presumption as to jurisdiction of the subject matter of suits shall be the same as indulged with respect to jurisdiction in like cases in circuit and superior courts. Therefore, since jurisdiction will be presumed until the contrary appears, *Kinnaman* v. *Kinnaman* (1880), 71 Ind. 417, and since the complaint does not show on its face that the action is not a possessory action between landlord and tenant, the demurrer for want of jurisdiction was properly overruled. § 2-1007, Burns' 1933, 1946 Repl.

Appellant, in his memorandum filed with his demurrer for want of facts, sets out two claimed defects, namely, that the complaint fails to show a notice to vacate for a period equal to the term of the defendant's tenancy, and that the complaint fails to set out a copy of such notice to the defendant. In the points and authorities contained in his brief he failed to mention these alleged defects and therefore waived same. In his brief he points to other defects which are claimed to make the complaint insufficient. Without having set up these grounds in his memorandum attached to the demurrer he waived the same. § 2-1007, *supra.* For these reasons no question is pre-

sented by the overruling of the demurrer to the complaint for want of facts.

Appellant's motion to make the complaint more specific should have been sustained, but we will not reverse this case for this error. In view of the whole record, the omission of facts in appellees' complaint to support the conclusions mentioned in the motion, was not prejudicial as the cause was fairly tried and determined on the merits. See §§ 2-1013, 2-1071, 2-3231 Burns' 1933, 1946 Repl.; *Pittsburg, etc., R. Co.* v. *Rushton* (1925), 90 Ind. App. 227, 148 N. E. 337.

Appellant's motion for new trial asserts that the decision of the court is not sustained by sufficient evidence. Under that heading the appellant contends there was no proof of title on the part of the appellees. As we have pointed out, the title in this particular case was not in issue. The evidence clearly discloses that under the contract of purchase, which is described in the complaint, the appellees were entitled to the possession of the real estate subject only to the rights of tenants. The appellant claimed no right except as a tenant. When the contract was executed he was in possession of the property as a tenant of the appellee's vendor, and after appellees had purchased the property he continued in possession as a tenant and paid and tendered rent to the appellees' agent. This was sufficient to support a finding that there was an attornment in fact, *Swope* v. *Hopkins* (1888), 119 Ind. 125, 21 N. E. 462, and that the relationship of landlord and tenant existed between the parties.

The O. P. A. "Certificate Relating to Eviction" which was required and obtained by appellees for the bringing

of this suit was introduced in evidence by the appellees. This certificate fails to state the purpose for which the eviction of the tenant was authorized, and for this reason the appellant claims there was a failure of proof. This omission is not important. It could in no way prejudice the substantial rights of the appellant.

The motion for new trial further asserts that the trial court had no jurisdiction of the subject matter. That question has been disposed of so far as the pleadings are concerned. So far as the evidence is concerned, that just related discloses that the relationship of landlord and tenant did exist between the parties when the suit was commenced, and the Municipal Court of Marion County therefore did have jurisdiction.

Lastly, the damages assessed and questioned by this motion are amply sustained by the evidence.

Judgment Affirmed.

Emmert, C. J., concurs in the result.

NOTE.—Reported in 77 N. E. 2d 891.