DARNELL *v.* SECREST

[No. 17,990.   Filed April 18, 1950.]

*Michael L. Fansler, Irving M. Fauvre, Howard S. Young, Jr.,* and *David L. Chambers, Jr.,* all of Indianapolis, for appellant.

*Forrest D. Rau* and *Lloyd D. Newlin,* both of Indianapolis, for appellee.

CRUMPACKER, J.—The appellee is the owner of an apartment building in Indianapolis, Indiana, known as 802-808 East Main Street, erected upon a lot in Jackson Dawson's Broad Ripple Addition to said city which has a frontage of 58 feet on the street and is 129 feet in depth. Said building contains four housing units of five rooms and bath each and is now and has been since 1942, controlled housing under the terms of the Federal Emergency Control Act of that year, as amended and extended from time to time. On March 27, 1948, the appellant occupied one of the apartments in said building as a tenant from month to month. On said day the appellee caused a written notice to quit to be served on the appellant in which it is stated: "The owner herein desires to remodel the premises and such remodeling work will make the premises untenable while it is being carried forward." The appellant refused to vacate and suit for possession was filed June 17, 1948. There was a trial to the court, a finding for the appellee and judgment for possession. As grounds for reversal the appellant contends that the evidence is insufficient to sustain such decision because it fails to show that the appellee's proposed remodeling project was approved by the Indianapolis board of zoning appeals and the commissioner of buildings of said city before he commenced and maintained this suit.

The Federal Housing and Rent Act of 1947, as amended in 1948, provides as follows: "No action . . .

to recover possession of any controlled housing . . . shall be maintainable unless . . . (4) the landlord seeks in good faith to recover possession . . . for the immediate purpose of substantially altering or remodeling the same . . . and the altering, remodeling or conversion cannot practically be done with the tenant in occupancy and the landlord has obtained such approval as may be required by Federal, State or Local Law for the alterations, remodeling or conversion planned . . ." 11 F. C. A., Title 50, Appx. 94, Pocket Supp., p. 386, § 209a (4).

"Local Laws" pertinent to the subject are the building and zoning ordinances of the city of Indianapolis. The building ordinance provides that before the alteration of any building in the city is undertaken a detailed statement and copy of the specifications therefor shall be submitted to the commissioner of buildings together with two full and complete copies of the plans, certified plat survey and lot plan of said work and two sets of structural drawings showing data of various kinds, the recital of which in detail we deem unnecessary to the purpose at hand. Certain blueprints in duplicate are required, one set of which shall remain in the office of the bureau of buildings and if approved shall be so stamped by the commissioner. The city controller may then issue a permit for the work to be done. Municipal Code of Indianapolis, 1925 Revision, §§ A-201 to A-207, p. 273. Said zoning ordinance establishes "area districts" in each of which the maximum housing capacity of a building is limited by the area of the lot upon which it stands. Class A4 of said area districts, wherein the appellee's lot is classified, provides "that no building shall be erected or altered to accommodate or make provision for more than one family for each 1200 square feet of the area of the

lot . . .." Municipal Code of Indianapolis, 1925 Revision, p. 747.

Careful examination of the record discloses that the appellee, in the latter part of February or early part of March, 1948, a few weeks before he notified the appellant to vacate, called on the commissioner of buildings of the city of Indianapolis and exhibited a sketch of the proposed remodeling project upon which was indicated the square foot area of the lot involved and the type of construction of the building and the alterations thereto he desired to make and was told by said commissioner that if the project was carried out in accordance with said sketch all of the requirements of his office would be met. Nothing was filed with the commissioner and no record of the transaction was made or appears in his office or the office of the bureau of buildings. The appellee's remodeling project contemplated the conversion of four apartments into eight, thereby accommodating more families on his lot area than the zoning ordinance permits. If the project was to be carried out a variance of the terms of said ordinance was necessary and realizing this the appellee filed an application for such variance with the board of zoning appeals which was refused on August 23, 1948. In the meantime he had filed this suit to dispossess the appellant and, despite the fact that the only assigned justification for eviction had been disapproved by said board, he prosecuted the same to successful judgment.

Clearly the informal interview the appellee had with the building commissioner does not satisfy the provisions of the building ordinance. Said commissioner is a public officer whose official act can be established only by the records of his office. *City of Garrett* v. *Winterich* (1909), 44 Ind. App. 322,

87 N. E. 161. These records are silent as to any such transaction. The appellee asserts that this is of no importance because his right to evict the appellant is governed by the Housing and Rent Act of 1949, since this case was tried several weeks after that act went into effect and, by its specific terms, said act is made applicable to pending litigation. Assuming without deciding that this position is well taken, the 1949 act lends no comfort to the appellee. By its terms, of which we take judicial notice, the alteration or remodeling clauses of the 1948 amendment are re-enacted and, if eviction is to lie for such purpose, the approval of "Local Law" is still required. In addition the landlord must procure an eviction certificate issued by the housing expeditor as a condition precedent to a suit for possession. The burden of proving these facts rested upon the appellee and the record is devoid of substantial evidence on the subject. *Adams* v. *Holcomb* (1948), 226 Ind. 67, 77 N. E. 2d 891.

The appellee next contends that the procuring of a building permit, as a condition precedent to his right to evict the appellant, would be a useless procedure as any such permit would expire, under the provisions of the local building ordinance, long before his suit for possession could be determined. As we understand the law it is the formal approval of the appellee's plans by the building commissioner, as evidenced by his records, and not the issuance of a permit by the controller, that is vital to his cause of action. After having procured the approval of the commissioner in the manner contemplated by the building ordinance, the issuance of the permit could await the outcome of his suit for possession.

Finally the appellee brushes off his failure to obtain a variance of the zoning ordinance to permit the re-

modeling he contemplated with the assertion that, pending this suit, the city of Indianapolis changed the zoning of the property involved to a U-3 or business use and thereafter it was not controlled housing. While it is true that the appellee's building can now be used for business purposes and purely business establishments are not controlled, the fact remains that when the judgment complained of was entered said building was not a business establish-- ment but remained controlled housing despite the amendment to the zoning ordinance. The appellant could not be evicted therefrom in order to convert the same to business use until the appellee had established that he sought possession in good faith for the immediate purpose of making a permanent conversion thereof to commercial use by substantially altering or remodeling the same and then only after the service of timely notice upon the appellant specifying the ground for eviction upon which he relies. There is no evidence in the record to support this theory of the appellee's case. In fact the undisputed evidence is quite the contrary. He sought possession, not to withdraw the property from the housing market, but to augment said market by converting four apartments into eight. Furthermore the notice to the appellant to vacate is not sufficient under this theory. It makes no mention of the appellee's desire to convert the property to business use and it is a reasonable inference that he had no such intention because when the notice was served the building could not be used for business under the zoning ordinance.

In our opinion the evidence is insufficient to sustain the court's decision and therefore the judgment is reversed. It is apparent that the appellee, if granted a new trial, could not establish compliance with local law as a condition precedent

to his suit. The cause is therefore remanded with instructions to find against the appellee on his complaint and enter judgment accordingly.

NOTE.—Reported in 91 N. E. 2d 797.