THE CHARLES T. HYTE COMMUNITY CENTER ASSOCIATION OF TERRE HAUTE, INC., Appellant–Defendant,

v.

CITY OF TERRE HAUTE PARK BOARD, Appellee–Plaintiff.

No. 84A01–0706–CV–264.

Court of Appeals of Indiana.

April 8, 2008.

Kaleel M. Ellis, III, Terre Haute, IN, Attorney for Appellant.

Mark D. Hassler, Hunt, Hassler & Lorenz, LLP, Kendall Boyd, Terre Haute, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

The Charles T. Hyte Community Center Association of Terre Haute, Inc. ("Hyte") appeals the trial court's grant of the City of Terre Haute Park Board's ("the City") motion for summary judgment. Specifically, Hyte argues that the trial court erred in granting the City summary judgment because there are genuine issues of material fact regarding the ownership of the real estate in question and that the court erred by not issuing findings of fact and conclusions of law. Finding that there are no genuine issues of material fact and that the trial court did not need to issue findings of fact and conclusions of law, we affirm.

### Facts and Procedural History

On December 27, 1994, the City entered into a lease agreement with Hyte for the following described real estate and improvements:

Lots 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15 and 16 in Block I of Cruft Farm Subdivision, Section 27, Township 12 North, Range 9 West, and commonly

known as 1101 South 13th Street, in Terre Haute, Vigo County, Indiana.

Appellee's App. p. 72. The term of the lease agreement between the City and Hyte was for a period of ten years with the lease expiring on December 26, 2004. Section 11 of the lease agreement required that Hyte, upon the expiration of the lease agreement, do the following:

11. Upon the expiration of this Lease, or sooner termination thereof as otherwise herein provided, [Hyte] shall quit and surrender possession of the demised premises and shall deliver the same in good order and condition of repair, reasonable wear and tear excepted.

*Id.* at 75. At the end of the ten-year lease agreement, the City and Hyte did not enter into a new lease or rental agreement. However, once the term of the lease agreement ended, Hyte refused to surrender possession of the real estate, commonly known as 1101 South 13th Street, Terre Haute, IN 47802, claiming that it was the rightful owner. On January 24, 2007, Vigo–Wade Abstract & Title Company ("Vigo–Wade") conducted a title search, which revealed that title to this real estate and improvements is vested in the City by virtue of a quiet title decree entered by Vigo Superior Court on February 18, 1971. The Vigo–Wade title search disclosed that Hyte had no ownership interest in the real estate or its improvements.

The City filed a small claims action against Hyte, requesting possession of the real estate and also requesting rent and damages. This action was transferred from the small claims docket to the plenary docket, where Hyte requested a jury trial. Thereafter, the City filed a motion for summary judgment. Hyte responded with its own motion in opposition to City's motion for summary judgment and a motion to dismiss, which was followed by the City's reply brief in support of its summary judgment motion. Before the summary judgment hearing, Hyte filed a motion requesting findings of fact and conclusions of law pursuant to Indiana Trial Rule 52. On that same day, the trial court held a hearing on the summary judgment motions. After the hearing, the trial court ordered both parties to submit proposed findings of fact and conclusions of law within thirty days.

Thereafter, the City filed a motion requesting that the trial court reconsider its requirement for findings of fact and conclusions of law. Hyte filed a motion objecting to the City's motion to reconsider. The trial court issued an order amending its previous order stating that the filing of findings of fact and conclusions of law was optional rather than mandatory and providing that the parties could instead submit general entries upon the pending motions.

Subsequently, the trial court granted the City's motion for summary judgment and denied Hyte's motion to dismiss. The trial court's order provides, in pertinent part, as follows:

And the Court, having heard the arguments of counsel and having read and considered the Briefs and Designations of Evidence filed by [the City] and [Hyte], now finds that there are no genuine issues of material fact. The parties executed a ten-year lease in 1994 and it expired in 2004. Although the parties have had a long and complex relationship, from a legal standpoint this is a simple case. The lease has expired and [the City] is entitled to possession of the property in question. [Hyte's] arguments that [the City] is not the owner of the property or not the proper party to this cause of action is fragile at best, but even if there was proof of those contentions, the fact remains that [Hyte] entered into a Lease Agreement with the

"the City of Terre Haute, acting by and through its Terre Haute City Park and Recreation Board" and operated under that lease since 1994, thereby acknowledging [the City] as the owner of property. [The City] is entitled to the entry of summary judgment in its favor both upon its claim for possession of real estate and eviction and also upon *all* [Hyte's] counterclaims. The Court further finds that [the City] is the proper and correct party in this action and that [Hyte's] motion to dismiss should therefore be denied.

Appellant's App. p. 13–14. The trial court did not issue findings of fact and conclusions of law. Thereafter, Hyte filed a motion to stay enforcement of the trial court's order. Also, on that same day, Hyte filed a motion to correct errors. After the filing of the motion to correct errors and before ruling on it, the trial court had a telephone conference with the parties and the court ordered the City to monitor the removal of all personal property from the real estate. Additionally, the court issued an order denying Hyte's motion to correct errors and motion for stay. As a result, Hyte filed its notice of appeal. On that same day, Hyte filed an emergency stay with the Indiana Court of Appeals, which was denied. Hyte now appeals from the trial court's summary judgment order.[1]

### Discussion and Decision

Hyte raises two issues, which we rephrase as the following single issue: whether the trial court erred in granting the City's motion for summary judgment.

 Here, we must determine whether there is a genuine issue of material fact as to the City's right to reclaim possession of the real estate. When reviewing a ruling on a motion for summary judgment, we conduct the same inquiry as that of the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Riverside Cmty. Corrs. Corp.*, 846 N.E.2d 738, 743 (Ind.Ct.App.2006), *trans. denied.* We construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party. *Id.* On appeal, the trial court's grant or denial of a motion for summary judgment is cloaked with a presumption of validity. *Id.* A party appealing from an order granting summary judgment has the burden of persuading the appellate tribunal that the decision was erroneous. *Id.*

 Indiana law recognizes that a tenant under a lease is estopped from claiming ownership of real estate where it has previously entered into a lease regarding the real estate in question. *Adams v. Holcomb,* 226 Ind. 67, 77 N.E.2d 891, 894 (1948). In *Adams,* a landlord brought an action against his tenant to recover the possession of a dwelling house and damages for the unlawful detention thereof. *Id.* at 892. The Indiana Supreme Court stated:

It is true that in ejectment the plaintiff must recover on the strength of his own title, and this court on many occasions has said that in ejectment title is in issue. *But where the action is brought by a landlord against his tenant merely to recover possession of the real estate the tenant is estopped while continuing in possession, to dispute the title of his landlord, and the landlord is entitled to*

---

1. Hyte's notice of appeal states that it is appealing the trial court's summary judgment order and its order denying Hyte's motion to correct errors. However, Hyte dedicates its appellate brief entirely to the trial court's ruling on summary judgment. Therefore, we limit this opinion to that issue.

*recover without further proof of his title than the fact that the defendant is his tenant in possession as such.* Of course this rule as to estoppel does not apply when the purpose of the suit is to establish title, or where the decree sought would not only give possession of the land but by estoppel settle the title to it. *Id.* at 894 (emphasis added) (citations omitted). Because the City brought this action against its tenant, Hyte, in an effort to recover possession of the real estate under the terms of a lease agreement with Hyte, Hyte is estopped while continuing in possession to dispute the City's title, and the City is entitled to recover without further proof of its title. *See id.*

Notwithstanding *Adams,* the City presented the trial court with undisputed evidence of its ownership of said real estate. Section 2 of the lease agreement states that "[t]he terms of this lease shall be for a period of ten (10) years from the date hereof, with a review of the terms and conditions after five (5) years." Appellee's App. p. 72. Section 11 of the lease agreement provides:

> 11. Upon the expiration of this Lease, or sooner termination thereof as otherwise herein provided, *Lessee shall quit and surrender possession of the demised premises and shall deliver the same in good order and condition of repair, reasonable wear and tear excepted.*

*Id.* at 75 (emphasis added). Moreover, the City produced a title search performed by Vigo–Wade for the period from March 7, 1984, to January 24, 2007, which revealed that title to the real estate and improvements is vested in the City by virtue of a quiet title decree entered by the Vigo Superior Court on February 18, 1971. The Vigo–Wade title search disclosed no ownership interest in the real estate or its improvements by Hyte.

■ In response, Hyte maintains, "[A]ccompanying Hyte's Designation of Materials in Opposition of Summary Judgment were a total of nine (9) Affidavits refuting the City's ownership of the real estate in question." Appellant's Br. p. 14 (capitalization omitted). Additionally, Hyte argues that "attached to two (2) of said Affidavits is legible documentary evidence refuting the City's ownership of said real estate." *Id* (capitalization omitted). Hyte contends that this evidence reveals "genuine issues of material fact regarding the ownership of the real estate in question, prohibiting a summary judgment order." *Id.* at 13 (emphasis and capitalization omitted). We disagree.[2]

■ Hyte submitted affidavits from persons who said that the City gave Hyte a land grant. Included as exhibits on some of these affidavits are the following two documents: (1) a proposed project budget for a new Hyte Community Center and (2) a real estate mortgage between the Terre Haute Park & Recreation Board and the City of Terre Haute, Department of Redevelopment. But Hyte submitted no deeds to establish that the City gave Hyte a land grant. Thus, the affidavits and attached

---

**2.** Hyte sets forth two additional arguments in its appellate brief. First, Hyte maintains that "many of the documents THE CITY provides within its Designation of Materials in Support of Summary Judgment are illegible, and that this alone is sufficient to raise a material issue of fact, as a portion of Plaintiff's 'title history' is illegible." Appellant's Br. p. 13–14. Hyte, however, does not make a cogent argument in support of its contention, and therefore the issue is waived. *See* Indiana Appellate Rule 46(A)(8)(a). Second, Hyte contends that the trial court erred by allowing the City to file a Reply Brief and supplemental designation of evidence in support of its motion for summary judgment. *See Nelson v. Denkins,* 598 N.E.2d 558, 564 (Ind.Ct.App.1992) ("T.R. 56 does not provide for the filing of a reply memorandum."). However, Hyte has waived review of his challenge by failing to raise a timely objection.

documents are parol evidence and inadmissible to prove the alleged deed. *See Davis v. Schneider*, 182 Ind.App. 275, 395 N.E.2d 283, 290 (1979) ("Where the writing is not produced, parol evidence is inadmissible to prove the contents of the writing unless its absence is adequately explained."). Because Hyte did not introduce evidence of a deed substantiating its claim that it owned the real estate, the affidavits and two documents that Hyte designated as evidence in support of its ownership of the land are inadmissible. As a result, no genuine issues of material fact exist to preclude summary judgment. The trial court did not err in granting the City's motion for summary judgment.

■■ Finally, Hyte argues that the trial court erred by not issuing findings of fact and conclusions of law after it timely and properly filed its request for the trial court to do so. We disagree. Pursuant to Indiana Trial Rule 52(A), "Findings of fact are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(B) (dismissal) and 59(J) (motion to correct errors)." Here, the trial court ruled on a motion for summary judgment pursuant to Indiana Trial Rule 56, and therefore findings of fact and conclusions of law were not necessary. Moreover, we have long held that "[f]indings of fact are inappropriate when summary judgment is entered because there are no issues of fact." *Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281, 1284 n. 3 (Ind.Ct.App.1995), *trans. denied.* The trial court did not err by not entering findings of fact and conclusions of law.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.